FILED
2022 JAN 25 PM 2:46
CLERK
U.S. DISTRICT COURT

KENT TERRY PRISBREY

Box 461381 / 90 prisbrey lane.

Leeds, UT 84746 NON- DOMESTIC

(435)279-4707

Case: 4:21-cv-00124
Assigned To : Nuffer, David
Assign. Date : 12/16/2021
Description: Prisbrey v. State Auto Insurance et al

**In the United States District Court**

**In and for the state of Utah, central Division.**

| | | |
|---|---|---|
| Kent Terry Prisbrey, | ) | **CLAIM** |
| | ) | **Requiring an article 3 court and jury Trial** |
| Vs. | | |
| MICHAEL E. LaRacco | | |
| STATE AUTO Insurance companies | | |
| And other defendants A thru Z | ) | Case No. |
| | ) | Judge: |

## Jurisdiction

1. This court has jurisdiction per rule 28 U.S.C. § 1332 as Claimant Resides in Leeds Utah and the Defendants reside and or place of business / headquarter is in

Columbus Ohio. And the value is in excess of 75 thousand. ten million 193 thousand 322 dollars and 07 cents.

## Brief Summary of claim

The defendants insured the Terry Prisbrey home and property Know as 95 West Center Street Leeds Utah. The Claimant purchased the home Insurance policy In Utah. Beginning on the 5th day of August 2014, then on or about May 5th 2020 a water fitting ruptured / failed in the upstairs bathroom wall during the night when Claimant awoke and found water leaking in his upstairs bedroom, he immediately started mitigating the damages by cutting holes in the wall to determine the source of the leak and repaired the ruptured fitting then contacted state Auto insurance companies.

It took state Auto insurance about 21 days to send out an inspector to inspect the damages before repairs could be started at this time the inspector gave Terry Prisbrey authorization to continue the repairs.

Evan Kita Was assigned as the State Auto representative agent on this claim State auto accepted liability of the damages.

Due to the Covid restrictions, my wife's cancer and asthma made it very difficult to find a contractor that was willing to do the repairs and take the risk with my wife's condition and the market was flooded with construction projects due to a recent storm that flooded many homes so the contractors seemed to only pick the best money-making jobs. So the insured could not obtain a contractor.

Due to the long-time frame, it took the inspector to come to inspect the damages and give approval to continue removing the damaged portions it was discovered that mold was growing in the roof and walls and as Mr. Prisbrey removed the sheet rock, the extent of the damage became apparent as the water had ran thru the entire ceiling of lower level and walls and was soaked up in the insulation so it wasn't apparent until the sheetrock was removed the extent of the damage.

Mr. Prisbrey continued to notify Evan Kita of the damages as they were discovered Evan was very sympathetic to the circumstances and hard ship it was putting on the insured and allowed Mr. Prisbrey to continue working and mitigating the damages to the insured and also told Mr.Prisbrey that he required 2 pictures of each room of the damages. And he needed a contractors bid on the damages only.

Mr.Prisbrey continued to mitigate the damages until he got a bid then sent the bid and the two pictures of each room as instructed. Evan Kita accepted the bid and the pictures then contacted Mr.Prisbrey notifying him that Zachary Young was assigned the case then Zachary Young requested receipts of items purchased for the repairs to verify the purchase of repaired items. Mr. Prisbrey mailed them to Zachary Young as requested then Zachary Young notified Mr. Prisbrey that State Auto insurance companies was denying his claim that was in the excess of the amount the insurance company investigator had found in his original assessment note this was prior to all damages being discovered. And Evan Kita had told Mr. prisbrey he anticipated more damages.

Zachary Young made the extraordinary claim that state auto insurance companies had not approved Mr. Prisbrey to do the additional repairs and would not cover the additional repairs. How ever Zachary Young did not deny the claim until he received proof of repairs done with out an inspection only by the receipts and bid as I was instructed to do by Evan Kita.

Mr. Prisbrey then sent affidavits in truth under full penalty of perjury that he had gotten permission. If state auto insurance disputed it all they needed to do is provide a affidavit in truth under the full penalty of perjury and full commercial liability. Mr. Prisbrey sent 5 notices to cure and provide this evidence and affidavit or it would be accepted as truth in a court of law and in commerce if they did not rebut the affidavits it meant they were agreeing to all the items in the affidavits as truth to be used in a court of law as truth.

Mr. Prisbrey then sent a final notice to State auto stating and demanding payment that they had accepted the contract and monies owed by acquiescence with notice to pay or make arrangements to pay with in 5 business days of receipt or he would file a lawsuit in federal court to collect.

Then Mr. Prisbrey was contacted by an Attorney firm claiming to have been hired as a third party to Re-present State Auto insurance companies in this matter. Demanding to start an investigation of the insureds home causing more harm and delays to the insured when the matter had already been settled and decided by acquiescence and contract to pay the monies owed as stipulated to in the affidavits. Creating a bad faith tort by adding more additional injury to the insured by delaying the process as they had 6 months to request a inspection instead

stated they would not pay out any more for the damage and did not respond to insureds notices/ affidavits offers thus agreeing they owed the damages by these offers.

It is also bad faith to claim that they had not given insured authorization to repair the damage in over one year and then deny the claim for this reason is an unnecessary delay is also bad faith

Mr. Prisbrey then sent notice of the requisite information needed to verify this firm had been actually hired. And notice of cost and fees he would require if the attorney firm wished to interfere in his private and commercial affairs with no response from them or State auto insurance companies.

State auto had approximately 6 months to do additional inspections ect. and did not and State auto by Acquiescence had agreed to the terms and conditions in the 6 notices. And that any more delays would cause irreputable harm to the insured and they would be couplable for additional damages and injuries for the unnecessary delays.

Out of the necessity to mitigate the damages claimant has found it necessity to file this claim and protect him and his family from the continued irreputable harm and damages due to the stalling and **bad faith** practice's and denials by state auto insurance companies and its representatives and agents. Mr. Prisbrey has put them on notice that if they continue the stalling tactic they would be knowingly willfully and with intent be harming the insured and acting in bad faith.

## Brief overview of the affidavits and notices    See Exhibit 5

### 1st notice July 19,2021

1. This notice included the invoice of the damages totaling 154,986.85 for the repairs.

2. affidavit of facts under the penalty of perjury that detailed and described the details and circumstances set forth in the summary.

3. With a 10 day notice to correct or rebut the affidavit.

Zachary then sent a notice by email stating they deny the claim because Mr. Prisbrey was not given permission to do the additional repairs so they would not pay and did not dispute the invoice amount or the work performed ect. and they did not dispute the repairs ,invoice amount or the affidavit or that Evan Kita had given permission to continue the repairs.

### 2nd notice august 10, 2021

This notice included that;

2. State Auto insurance companies and Zachary Young had not complied with the contract requisite information.

3. This affidavit included the same items in the 1st notice

4. Noticed them that by delaying paying the full claim value was causing the Prisbrey's undue stress hardship due in part to Mrs. Prisbrey's health fighting cancer and

    asthma and Mr. Prisbrey's health especially living conditions with the repairs that need completed.

5. That Mr. Prisbrey had continued the repairs to mitigate the damages until he ran out of money to continue mitigating the damages.

6. And that the undue stress harm and hardship due to this denial of paying all of the claim was ten million 193 thousand 322 dollars and 07 cents.

7. That Evan Kita had given Mr. Prisbrey permission to continue the repairs.

### 3rd notice September 9, 2021

This notice included;

1. That they had agreed to all the items in the Affidavits and contract in the 1st and 2nd are true and correct by acquiesce to the truth of all items of the affidavit. And opportunity to cure. If they had disputed to provide the evidence.

2. Noticed other items that are causing the Prisbrey's harm not noticed in the first and 2nd notice. Set forth in #2 and #3

3. That Zachary Young and State Auto, failing to pay and mitigate the damages to the insured they were Knowingly and willfully with intend harming the insured to avoid paying the verified claim. And notice that if they disputed this to rebut this with their affidavit of truth if not true.

4. That the mold spores were affecting Mr Prisbrey and he was doing everything he could to mitigate the damages until he was paid for the claims

**4th notice October 25, 2021**

1. That they had accepted and acquiesced to the truth of all the items in the prior 3 affidavits.

2. An opportunity to cure.

3. Included all items in the first 3 affidavits.

4. And that they are willfully, knowingly and with intent harming and injuring the insured by not paying the claim as agreed upon.

**5th notice of November 10, 2021**

1. Notice that State auto insurance companies had agreed to all the items in the 4 affidavits.

2. Notice to pay with in 5 days of receipt of this notice

3. Failure to pay or make arrangements to pay in the 5 days Insured would proceed to collect by filing a claim in the federal courts under an article 3 court and jury trial.

4. At trial Insured would be asking for more damages, tort and injuries for violation of the contract and affidavits and on gong injury until paid.

5. That they have agreed to pay

    a. ten million 193 thousand 322 dollars and 07 cents. Injury to insured.

    b. 154,986.85 dollars for repairs

1. That I had been contacted by a third party to interfere in my commercial and private affairs and to determine if this law firm was indeed hired to Represent them and if so the cost and fees if I allow a third party to interfere in my personal and commercial affairs.
2. Notice of the requirements needed to verify they have hired this law firm / third party.
3. Notified them that they would be required to pay additional tort damages and injuries to the insured for this delay.

## Summary

The Defendants have willfully, knowingly with intent has violated its duty to the insured to harm the insured and avoid its contractual obligation to pay the insured for the damages to the Claimant due to a failed water fitting causing much water damage to his residence.

This court should expedite this case as quickly as possible to mitigate damages to the Insured.

Claimant reserves his right to claims additional items for tort damages compensatory and exemplary damages the jury deems appropriate. And any other remedies available to the claimant including assistance in preparing and enforcing this contract agreement and all other items available by the insurance policy as they are discovered and other injuries and for their bad faith actions and delays.

Exhibit 1     Insurance policy

Exhibit 2        Email from Terry to Evan Kita        31 May 2021

Verified Proof via email that Evan Kita authorized repairs.

" I have been taking pictures of damage and repairs as I go as we discussed two pictures of each room as you instructed me to do."

Exhibit 3        response from Evan Kita To Terry second page.        1 June 2021

" The big thing is for this one will be getting me the photos of each room and bid you had for the particular work, any material receipts."

Exhibit 4        Email from Zachary Young to Terry Denying remainder or claim not already paid.        11 August 2021

" Did not authorize you to proceed with repairs.  No further supplemental payments will be issued"

Exhibit 5        Affidavits and notices

Exhibit 6        Stong and Hanni / Ryan P. Atkinson

Exhibit 7        All emails from State Auto insurance companies' agents.

## Relief Sought

This court to order the Defendants to pay the damages ten million 193 thousand 322 dollars and 07 cents for tort injuries and 154,986.85 dollars for repairs caused by the water damage. For the breach of the insurance policy agreement / contract and to pay for the tort

injuries including exemplary damages for their breach of duty and care to the insured causing more injury and harm, by their acts to avoid their obligations to pay by their acting in bad faith.

And ask the courts to order the Defendants to pay the contract agreements / affidavits as set forth herein. And loss of use of the 2 house sections at 150 dollars per day each. For 47,013.15 starting May 5 2020, till November 5 2021 19 months 68,400.00.

*Kent Terry Prisbrey* (signature)

Kent Terry Prisbrey