THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES; MICHAEL E. LARACCO; and DOES A-Z,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER (1) DENYING MOTION TO DISMISS, (2) GRANTING MOTION FOR MORE DEFINITE STATEMENT, (3) GRANTING LIMITED APPOINTMENT OF COUNSEL FOR PLAINTIFF, AND (4) FINDING AS MOOT PLAINTIFF'S MOTIONS FOR DISCOVERY AND EXTENSION OF TIME**<br><br>Case No. 4:21-cv-124-DN<br><br>District Judge David Nuffer |

Plaintiff Kent Terry Prisbrey, proceeding *in forma paupris*[1] and pro se, initiated this case against Defendants seeking damages arising from Defendants' handling and denial of an insurance claim regarding Plaintiff's residence.[2] Defendants seek dismissal of Plaintiff's Complaint for failure to state a claim, insufficient service, and failure to join an indispensable party ("Defendant's Motion").[3] Defendants alternatively request that Plaintiff be required to file a more definite statement of his claims.[4] Plaintiff has also filed a Motion for Appointment of Counsel;[5] a motion challenging defense counsel's ability represent Defendants and seeking

---

[1] Application to Proceed in District Court Without Prepaying Fees or Costs, docket no. 1, filed under seal Dec. 16, 2021; Order on Application to Proceed Without Prepayment of Fees, docket no. 4, filed Jan. 25, 2022.

[2] Claim Requiring an Article 3 Court and Jury Trial ("Complaint"), docket no. 5, filed Jan. 25, 2022.

[3] Defendants' Omnibus Rule 12 Motions for Dismissal and for More Definite Statement ("Defendant's Motion"), docket no. 3, filed Jan. 25, 2022.

[4] *Id*.

[5] Motion for Appointment of Counsel, docket no. 6, filed Jan. 25, 2022.

discovery ("Motion for Discovery");[6] and a motion seeking an extension of time ("Motion for Extension of Time").[7]

Plaintiff's Complaint, construed liberally, includes sufficient factual content that could plausibly state a claim for relief. But the factual allegations are presented in a manner that prevents Defendants from adequately responding. Plaintiff may have also identified the wrong parties as Defendants. Under the circumstances, and based on Plaintiff's pro se status, dismissal of the Complaint is not appropriate. But a more definite statement of Plaintiff's claims is necessary. Therefore, Defendants' Motion[8] is DENIED in part and GRANTED in part. Plaintiff must file and serve an amended complaint that contains a more definite statement of his claims.

Additionally, because Plaintiff is proceeding *in forma paupris* and the allegations within his Complaint may have merit, good cause exists for counsel to be appointed on a limited basis to assist Plaintiff in drafting, filing, and serving an amended complaint that contains a more definite statement of Plaintiff's claims. Therefore, Plaintiff's Motion for Appointment of Counsel[9] is GRANTED in part.

Plaintiff's Motion for Discovery[10] and Motion for Extension of Time[11] are MOOT based on the requirement that Plaintiff file and serve an amended complaint containing a more definite statement through the assistance of counsel.

---

[6] Claimants Jurisdiction Challenge of Defendants Omnibus Rule 12 Motion for Dismissal and for More Definite Statement and for No Notice of Counsel, No Jurisdiction ("Motion for Discovery"), docket no. 10, filed Feb. 9, 2022.

[7] Plaintiff's Motion for Omnibus Motion and Leave for Extended Time to File Opposition Response to Defendants' Motion Dismissal and for More Definite Statement ("Motion for Extension of Time"), docket no. 11, filed Feb. 9, 2022.

[8] Docket no. 3, filed Jan. 25, 2022.

[9] Docket no. 6, filed Jan. 25, 2022.

[10] Docket no. 10, filed Feb. 9, 2022.

[11] Docket no. 11, filed Feb. 9, 2022.

**Contents**
DISCUSSION ................................................................................................................................. 3
    Dismissal of Plaintiff's Complaint is not appropriate, but a more definite statement is
        necessary ........................................................................................................................ 3
        Applicable standards of review for Defendant's Motion ......................................... 4
        Based on the content of Plaintiff's Complaint and Plaintiff's pro se status,
            dismissal is not appropriate, but a more definite statement is necessary .... 6
    Good cause exists for a limited appointment of counsel to represent Plaintiff .................. 8
    Plaintiff's Motion for Discovery and Motion for Extension of Time are moot .................. 9
ORDER ........................................................................................................................................ 10

## DISCUSSION

### Dismissal of Plaintiff's Complaint is not appropriate, but a more definite statement is necessary

Defendants' Motion seeks dismissal of Plaintiff's Complaint for failure to state a claim, insufficient service, and failure to join an indispensable party.[12] Alternatively, Defendants request that Plaintiff be required to file a more definite statement of his claims.[13] Defendants assert that the Complaint and summons contain incorrect spelling of "Michael E. LaRocco, the CEO and president of State Auto Financial Corporation."[14] Defendants also argue that the Complaint contains no factual allegations that could plausibly state a claim against Mr. LaRocco.[15] Defendants further argue that "Milbank Insurance Company, not State Auto Insurance Companies" is the proper party to Plaintiff's insurance contract, and should be substituted as a party defendant.[16] Finally, Defendants argue that they cannot adequately respond

---

[12] Defendant's Motion.

[13] *Id*.

[14] *Id*. at 2.

[15] *Id*.

[16] *Id*. at 2-3.

to the Complaint because Plaintiff's factual allegations are unnumbered and intermixed with legal conclusions and vague statements and references to numerous exhibits.[17]

**Applicable standards of review for Defendant's Motion**

Dismissal is appropriate under FED. R. CIV. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[18] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[19] In reviewing a complaint under Rule 12(b)(6), all factual allegations are accepted as true and all reasonable inferences are drawn in a light most favorable to the plaintiff.[20] However, "assertions devoid of factual allegations" that are nothing more than a "conclusory" or "formulaic recitation" of the law are disregarded.[21]

Regarding sufficiency of service, a motion under FED R. CIV. P. 12(b)(4) "concerns the form of the process rather than the manner or method of its service."[22] "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of deliver of the summons and complaint."[23] However, "the between [these rules] becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist."[24] "In these cases, the form of the process [may] be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5)

---

[17] *Id*. at 3-5.

[18] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[22] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2019).

[23] *Id*.

[24] *Id*.

[may] be made on the ground that the wrong party—that is, a party not named in the summons—has been served."[25] In either event, "[the] plaintiff bears the burden to make a *prima facie* case that [it] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over [the] defendant."[26]

FED. R. CIV. P. 12(b)(7) permits "dismissal of a case if a party fails to join a required party under [FED. R. CIV. P.] 19."[27] "In order to dismiss a case pursuant to Rule 12(b)(7), the [district c]ourt must find that (1) the party is a required person under Rule 19(a), (2) joinder of the party is infeasible under Rule 19(b), and (3) dismissal is appropriate [under the circumstances]."[28] "The proponent of a motion to dismiss under [Rule] 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence."[29]

FED. R. CIV. P. 12(e) "permits an order to compel a more definite statement when a complaint is 'so vague or ambiguous that the party cannot reasonably prepare a response.'"[30] "Because [Fed. R. Civ. P. 8] provides for notice pleading and requires only a short and plain statement of the pleader's claim, 'Rule 12(e) motions are generally disfavored by the courts and are properly granted only when a party is unable to determine the issues to which a response is

---

[25] *Id.*

[26] *Marion v. Weber Cty.*, No. 1:18-cv-00148-RJS, 2019 WL 5550015, *1 (D. Utah Oct. 28, 2019) (quoting *Lamendola v. Bd. of Cty. Comm'rs for Cty. of Taos*, No. CIV 18-0163 KBM/SCY, 2019 WL 2371714, *1 (D. N.M. June 5, 2019)).

[27] *Nat'l Union Fire Ins. co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-cv-00079-PAB-KMT, 2014 WL 1016072, *2 (D. Colo. Mar. 14, 2014).

[28] *Id.*

[29] *Id.* (quoting *Citizen Band of Potawatomi Indian Tribe of Okla. V. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

[30] *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-cv-00307-DAK, 2015 WL 5999896, *1 (D. Utah Oct. 14, 2015) (quoting FED. R. CIV. P. 12(e)).

required.'"[31] "Rule 12(e) is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail."[32]

Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[33] "[T]his means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [the plaintiff's] confusion of various legal theories, [the plaintiff's] poor syntax and sentence construction, or [the plaintiff's] unfamiliarity with pleading requirements."[34] But "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."[35]

**Based on the content of Plaintiff's Complaint and his pro se status, dismissal is not appropriate, but a more definite statement is necessary**

Defendants cannot reasonably prepare a response to Plaintiff's Complaint. The Complaint is 11 pages in length and includes factual allegations that are unnumbered and intermixed with legal conclusions regarding various legal theories and vague assertions (the relevance of which is difficult to ascertain). The Complaint also attaches seven exhibits, totaling 111 pages, which are only vaguely referenced in the Complaint.

Nevertheless, what can be gleaned from Plaintiff's allegations is that he had an insurance contract regarding his home; that he made a claim for coverage under an insurance contract; and that the claim was denied either in part or in total, to Plaintiff's detriment.[36] Plaintiff alleges that

---

[31] *Id*. (quoting *Creamer v. Ellis Cty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, *1 (D. Kan. Feb. 26, 2009)).

[32] *Id*. (quoting *Creamer*, 2009 WL 484491, *1).

[33] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[34] *Id*.

[35] *Id*.

[36] Complaint at 2-5, 9-11.

the he is entitled to coverage on the claim, and that the investigation and denial of the claim was improper, unreasonably delayed, and done in bad faith.[37] The factual content in the Complaint, construed liberally[38] and taken as true,[39] is sufficient to state plausible claims for breach of contract[40] and breach of good faith and fair dealing.[41]

Defendants argue that regardless of the Complaint's factual content, Plaintiff has named the wrong parties as Defendants and failed to join necessary parties.[42] However, the Complaint attaches a Renewal Declarations Homeowners Policy[43] which is on Defendant State Auto Insurance Companies' letterhead. The Complaint also attaches email correspondence between Plaintiff and State Auto Insurance Companies employees regarding his claim.[44] The Renewal Declarations Homeowners Policy does indicate that "coverage is provided in the following company Milbank Insurance Company."[45] But whether this policy language makes Milbank Insurance Company the only proper party defendant cannot be determined at this time. There are gaps in the facts Plaintiff alleges, as well as in the facts asserted in Defendant's Motion.

Additionally, the Complaint is devoid of factual allegations regarding the conduct of Defendant Michael E. LaRacco. And it does appear that the proper spelling of Defendant's name is "Michael E. LaRocco." But these deficiencies are typographical and potentially correctable

---

[37] *Id*.

[38] *Hall*, 935 F.2d at 1110.

[39] *GFF Corp.*, 130 F.3d at 1384.

[40] *Farrand v. Am. Gen. Life Ins. Co.*, 361 F. Supp. 3d 1202, 1208 (D. Utah 2019) (citing *Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001)).

[41] *Dahmen v. LM Gen. Ins. Co.*, 2:20-cv-00815-TS, 2021 WL 50477, *1-2 (D. Utah Jan. 6, 2021) (citing *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985)).

[42] Motion at 2-3.

[43] Docket no. 5-1, filed Jan. 25, 2022.

[44] Docket no. 5-7, filed Jan. 25, 2022.

[45] Renewal Declarations Homeowners Policy.

through the drafting, filing, and service of an amended complaint that contains a more definite statement of Plaintiff's claims.

Based on Plaintiff's pro se status and the factual content within the Complaint, the circumstances to not warrant the Complaint's dismissal. Rather, it is appropriate to require the filing of an amended complaint that contains a more definite statement of Plaintiff's claims. This will allow for factual gaps to be filled and reasonably opportunity for Defendants to respond to Plaintiff's allegations. An amended complaint will illuminate the actual claims Plaintiff is asserting and permit determination of proper parties to the case. Therefore, Defendant's Motion[46] is DENIED in part and GRANTED in part.

### Good cause exists for a limited appointment of counsel to represent Plaintiff

Generally, "there is no constitutional right to appointment of counsel in a civil case."[47] But 28 U.S.C. § 1915(e)(1) gives the district court discretion to appoint counsel for an plaintiff that is proceeding *in forma paupris*.[48] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[49]

As discussed,[50] Plaintiff's Complaint contains factual allegations that could plausibly state a claim for relief arising from the handling and denial of his insurance claim. Determining the facts in this case will likely involve extensive discovery. And disputes arising from insurance

---

[46] Docket no. 3, filed Jan. 25, 2022.

[47] *Simon v. Grafton, Inc.*, No. CIV.A. 12-2796-JAR, 2013 WL 3580953, *1 (D. Kan. July 12, 2013); *see also Sandle v. Principi*, 201 Fed. App'x 579, 582 (10th Cir. 2006); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[48] 28 U.S.C. § 1915(e)(1).

[49] *Quick v. Mann*, 170 Fed. App'x 588, 590 (10th Cir. 2006) (internal citations omitted).

[50] *Supra*, Discussion at 6-7.

contracts often involve difficult issues. Plaintiff has been unable thus far in his filings to present facts and legal argument in a cogent manner.

Under the circumstances, good cause exists to appoint counsel for Plaintiff on a limited basis to assist in the drafting, filing, and service of an amended complaint that contains a more definite statement of Plaintiff's claims. Counsel's limited representation of Plaintiff may also include engaging in preliminary discussions with Plaintiff and defense counsel regarding potential resolution of the case. Therefore, Plaintiff's Motion for Appointment of Counsel[51] is GRANTED in part.

### Plaintiff's Motion for Discovery and Motion for Extension of Time are moot

Plaintiff's Motion for Discovery and Motion for Extension of Time are exemplary of his lack of knowledge of the law and procedure. The Motion for Discovery is framed as a "jurisdictional challenge" to defense counsel's ability represent Defendants.[52] It seeks discovery verifying counsel's representation and the factual assertions within Defendant's Motion.[53] The Motion for Discovery is not a proper procedural vehicle for the relief Plaintiff seeks and is not supported by fact or law.

The Motion for Extension of Time is similarly without basis in fact or law. The Motion for Extension of Time again raises issue with defense counsel's representation of Defendants, cites inapplicable legal authority (the Administrative Procedures Act of 1946), and seeks relief based on the discovery sought in Plaintiff's Motion for Discovery. The Motion for Extension of Time does not present good cause for the relief Plaintiff requests.

---

[51] Docket no. 6, filed Jan. 25, 2022.

[52] Motion for Discovery at 1-2.

[53] *Id.* at 2-7.

Regardless of their deficiencies, Plaintiff's Motion for Discovery[54] and Motion for Extension of Time[55] are MOOT based on the requirement that Plaintiff file and serve an amended complaint through the assistance of counsel.

## ORDER

IT IS HEREBY ORDERED THAT:

(1)     Defendants' Motion[56] is DENIED in part and GRANTED in part. Dismissal is not appropriate, but a more definite statement of Plaintiff's claims is necessary. Plaintiff must file an amended complaint containing a more definite statement of his claims.

(2)     Plaintiff's Motion for Appointment of Counsel[57] is GRANTED in part. Counsel shall be appointed on a limited basis to assist Plaintiff in the drafting, filing, and service of an amended complaint that contains a more definite statement of Plaintiff's claims. Counsel shall also engage in preliminary discussions with Plaintiff and defense counsel regarding potential resolution of the case. If the parties desire a settlement conference with a magistrate judge, they may file notice and request for settlement conference.

(3)     The Clerk is directed to find pro-bono counsel for limited appointment as Plaintiff's counsel in this case.

(4)     Plaintiff must file an amended complaint containing a more definite statement of his claims within 21 days after the appearance of appointed counsel to assist in the drafting, filing, and service of an amended complaint that contains a more definite statement of Plaintiff's

---

[54] Docket no. 10, filed Feb. 9, 2022.
[55] Docket no. 11, filed Feb. 9, 2022.
[56] Docket no. 3, filed Jan. 25, 2022.
[57] Docket no. 6, filed Jan. 25, 2022.

claims and engaging in preliminary discussions with Plaintiff and defense counsel regarding potential resolution of the case.

   (5)  Plaintiff's Motion for Discovery[58] and Motion for Extension of Time[59] are MOOT.

   Signed March 4, 2022.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[58] Docket no. 10, filed Feb. 9, 2022.

[59] Docket no. 11, filed Feb. 9, 2022.