IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual, <br><br> Plaintiff, <br> v. <br><br> STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION <br><br> Case No. 4:21-cv-124 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on multiple motions. Plaintiff, who is proceeding pro se, moves the court for ADR – Mediation. (ECF No. 24.) As part of that filing, Plaintiff also moves for default judgment asserting the Defendants have not answered the complaint. Plaintiff states he does "not give consent to any third parties especially attorney's to interfere and or re-present [sic] [D]efendants." (ECF No. 24 p. 2.) (emphasis omitted). Defendants, in a short form discovery motion, seek to inspect Plaintiff's house and the claimed damages at issue here before any mediation takes place, and they move the court to require Plaintiff to clarify and supplement his answers to discovery requests. (ECF No. 35.) Finally Plaintiff, in opposition to Defendants' Short Form Discovery Motion, seeks summary judgment on the "tacit agreements" between the parties.

Judge Howard Nielson referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition. including where needed, a report and recommendation on all dispositive matters. (ECF No. 31.) As set forth herein the court recommends Plaintiff's Motions for default and summary judgment be denied. The court grants Defendants' motion for an inspection and orders Plaintiff to supplement his answers to discovery requests.

## BACKGROUND

Defendants issued a homeowner's insurance policy for Plaintiff's home located in Leeds, Utah. On approximately May 5, 2020, a water pipe, or plumbing fixture, in the wall of Plaintiff's home ruptured causing damage to the bathroom, other rooms, walls, joints, and other areas of the home. Amended Compl. p. 3.  Plaintiff reported the damage to State Auto and received a claim number.  "On May 19th, 2020, an inspection was performed by an inspection service and subsequently an estimate of the observed damages in the amount of $9,955.41 was completed on May 23rd, 2020." *Id.* at p. 4. Subsequent to this inspection, Plaintiff received other bids and work was performed to repair the damage.

A dispute then arose about the amount of damages and cost of repairs. Defendants completed their investigation and concluded that Plaintiff's loss was $10,000. In contrast, Plaintiff claimed there were additional losses stemming from the flooding and began making demands for $154,986.86 in additional damages. Defendants requested additional documentation and Plaintiff responded with "Affidavits of Truth", wherein Plaintiff demanded millions of dollars for Defendants' failure to compensate him. Defendants requested permission to complete an inspection of the home to evaluate Plaintiff's claimed additional losses. To date, however, Plaintiff has declined these requests responding that he would only allow an inspection if Defendants paid him large sums of money. With this backdrop the court turns to the pending motions.

## DISCUSSION

As an initial matter the undersigned finds there is no basis to enter default against Defendants because they have an attorney representing them. Embedded in Plaintiff's Motion for ADR-Mediation is a request for default. Plaintiff asserts Defendants have not answered his

complaint because he does not give consent for attorneys to respond. Rather, it is Defendants themselves that Plaintiff wants to deal with and not any attorney. Plaintiff's position is contrary to the Local Rules. Under the Rules, no corporation, association, partnership or other artificial entity may appear pro se. Instead, they "must be represented by an attorney who is admitted to practice in this court." DUCivR 23-1.3(c). Thus, Defendants are required to be represented by counsel. The Tenth Circuit has "repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)). Plaintiff brought this matter and there is no basis to enter default because the Defendants are using an attorney to file pleadings, including an answer to the complaint.

In similar fashion, the Local Rules provide: "A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply." DUCivR 7-1(a)(3). Plaintiffs Motion for Summary Judgment is improperly raised in opposition to Defendants' discovery motion and should be denied. (ECF No. 38.) Moreover, even if it had been raised in a separate filing, Plaintiff fails to meet the applicable standards to be granted summary judgment.

Plaintiff also moves the court for ADR-Mediation, so the parties can resolve their dispute. (ECF No. 24.) Defendants are amenable to mediation, but assert that for it to be productive, Defendants must first be permitted to inspect Plaintiff's house and the claimed damages before a mediation can take place. Defendants have repeatedly sought such an inspection but have rebuffed in their inquiries with Plaintiff responding that he would only allow an inspection if Defendants provided him a large sum of money. Plaintiff also expresses concerns about his wife's health if an in-person inspection took place. Plaintiff proposes a Zoom

inspection, to which, Defendants respond is impractical and cannot provide the needed information in this instance.

Discovery disputes, such as the instant one, are governed by Federal Rule 26. Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001).

Rule 37 of the Federal Rules of Civil Procedure provides: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: .... (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37.

Here, the amount of damage Plaintiff incurred from the water loss is a central issue in this case. An inspection by Defendants will provide relevant and proportional discovery in light of Plaintiff's large monetary demands. Thus, the requirements of Rule 26 and Rule 37 are satisfied. Plaintiff's concerns regarding his wife's health arising from such an inspection, while understandable, can be minimized and do not offer a basis to prevent such an inspection. Defendants note that they are "willing and able to abide by any reasonable precautions in consideration of Mr. Prisbrey's wife's health and safety, including mask wearing and negative COVID-19 tests". (ECF No. 35 p. 7.) Defendants are ordered to take such reasonable precautions

in performing an inspection. The court commends Plaintiff for desiring to resolve this dispute via mediation. However, the court agrees that Defendants need additional information from an inspection to make a mediation meaningful.

In addition, the court is concerned that Plaintiff, although "doing his best" has not fully complied with the discovery requests. Plaintiff asserts that he will respond once Defendants provide him with the disclosures he has requested. The evidence before the court does not support Plaintiff's position. Plaintiff is ordered to provide updated response to Defendants' discovery requests. The Tenth Circuit has recently noted that pro se litigants "are not immune from sanctions for failing to obey a discovery order." *Belford v. Nowlin*, 2021 WL 3148953, at *2 (10th Cir. July 26, 2021) (unpublished); *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1160 (10th Cir. 2013) (affirming a district court's imposition of a default judgment as a Rule 37 sanction even though the offending party appeared pro se). Plaintiff is urged to comply so this matter may move forward toward resolution.

## ORDER and RECOMMENDATION

IT IS THEREFORE ORDERED that Defendants' Short Form Discovery Motion is GRANTED. (ECF No. 35.) The parties are to work together in creating an agreeable time for an inspection with reasonable safety precautions. Plaintiff is to provide updated discovery responses within thirty (30) days from the date of this order.

It is RECOMMENDED that Plaintiff's Motion for Default (ECF No. 24.) be DENIED and Plaintiff's Motion for Summary Judgment made in opposition to Defendants' motion (ECF No. 38.) be DENIED. Plaintiff may refile a new Motion for Mediation once the inspection has been completed and adequate answers have been provided to Defendants' discovery requests.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

        DATED this 26 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge