IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 4:21-cv-124<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff, Kent Terry Prisbrey, moves the court to compel discovery including production of documents and things. (ECF No. 51.)[1] The court finds Plaintiff's discovery requests irrelevant and unsupported by the claims in this matter. The motion therefore is denied.

## BACKGROUND

The dispute in this case centers on a homeowner's insurance policy for Plaintiff's home located in Leeds, Utah. In May 2020, a water pipe, or plumbing fixture, in the wall of Plaintiff's home ruptured causing damage to the bathroom, other rooms, walls, joints, and other areas of the home. Amended Compl. p. 3. Plaintiff reported the damage to State Auto Insurance and received a claim number. "On May 19th, 2020, an inspection was performed by an inspection service and subsequently an estimate of the observed damages in the amount of $9,955.41 was completed on May 23rd, 2020." *Id.* at p. 4. Subsequent to this inspection, Plaintiff received other bids and work was performed to repair the damage. The dispute between the parties centers on the amount of damages and cost of repairs from the incident. Plaintiff made demands for

---

[1] Judge Howard Nielson referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition. including where needed, a report and recommendation on all dispositive matters. (ECF No. 31.)

$154,986.86 in damages in contrast to Defendants, who after completing an investigation, concluded Plaintiff's loss was $10,000.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) governs discovery in this litigation. This Rule outlines the boundaries of discovery and provides for discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001).

In the instant motion, Plaintiff seeks the production of tax documents from Defendants and from Defendants' counsel to allegedly verify the legitimacy of Defendant State Auto Insurance and their representation by Strong and Hanni attorneys. Plaintiff argues the disclosures are required under trust law yet offers no authority in support of this position. Having considered the Amended Complaint, and in construing Plaintiff's pleadings broadly as he is proceeding pro se, the court still fails to find the relevance of Plaintiff's requests to the instant case. Defendants' objection that the requested discovery is nothing more than a fishing expedition is sustained. *See, e.g., Szymanski v. Benton*, 289 Fed. Appx. 315, 320-21 (10th Cir. Aug. 14, 2008) (upholding district court's decision foreclosing the plaintiff's attempt to use discovery as a fishing expedition). Tax information is irrelevant and unrelated to any of the claims brought by Plaintiff.

There is no dispute concerning Defendants' ability to pay the amount originally sought by Plaintiff under the terms of the policy. Thus, the request is improper.

## ORDER

Plaintiff's discovery motion is DENIED.

DATED this 16 November 2022.

_____
Dustin B. Pead
United States Magistrate Judge