Ryan P. Atkinson, #10673
Jack D. Smart, #15737
Michael F. Wunderli, #16991
STRONG & HANNI, P.C.
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Tel:  (801) 532-7080
Fax:  (801) 596-1508
ratkinson@strongandhanni.com
jsmart@strongandhanni.com
mwunderli@strongandhanni.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>    Defendants. | **MOTION FOR SANCTIONS TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Case No.:  4:21-CV-00124<br><br>District Judge:  David Nuffer<br>Chief Magistrate Judge Dustin B. Pead |

Defendants, State Auto Insurance Companies and Milbank Insurance Company (collectively "Defendants"), by and through counsel of record, and under DUCivR 7-1, hereby submit this Motion for Sanctions to Declare Plaintiff a Vexatious Litigant as follows:

## GROUNDS FOR RELIEF

Defendants seek an order from the Court declaring that Plaintiff is a vexatious litigant and enjoining him from submitting any further filings to the Court without first obtaining the Court's approval, or otherwise require Plaintiff to retain counsel. Furthermore, Defendants request the Court enjoin Plaintiff from sending Defendants and their counsel correspondence that is harassing, threatening, frivolous, and/or otherwise inappropriate. Filing restrictions are appropriate where a litigant's abusive and lengthy history is properly set forth, the court provides guidelines as to what the litigant must do to file further pleadings or papers, and the litigant receives notice and an opportunity to oppose the court's order before it is instituted. *United States v. Coleman*, 707 F.App'x 563 (10th Cir. 2017) (unpublished).

Plaintiff has a history of sending long and redundant letters and demands to Defendants and Defendants' counsel, wherein he and his notary, Ammon Barlow, demand outrageous sums of money that on their face are absurd and unmeritorious. Plaintiff recently threatened to file a lien against Defendants and counsel personally unless they pay the requested excessive amounts, which according to last letter total $6.5MM. Furthermore, Plaintiff has been obstructive during the discovery process, refusing to allow an inspection of his home, which is the subject matter of the litigation, despite the Court's Order that the inspection be permitted. Moreover, Plaintiff has filed numerous frivolous filings in this case, often covering matters that the Court has already decided. In one situation, Plaintiff filed an Order from the Court requiring his cooperation for the inspection but scrawled over the top of the pages in marker that the Order is an extermination order amounting to an Order for murder of Plaintiff and his family.

Because of Plaintiff's abusive, harassing, and frivolous behaviors during this litigation, the Court should declare Plaintiff a vexatious litigant and enter appropriate restrictions to protect the litigation process and prevent further unnecessary fees and costs.

### STATEMENT OF RELEVANT FACTS

1. This case stems from alleged water damage to Mr. Prisbrey's home in Leeds, Utah on or around May 11, 2020. *See Pl. Compl.* Docket No. 2.

2. Defendants completed an investigation into the water loss and concluded Mr. Prisbrey's total loss was $10,000. *See* Docket No. 44.

3. After receiving the $10,000, Mr. Prisbrey approached Defendants again, claiming that he had discovered additional damage stemming from the water loss and began making demands for $154,986.85 for the additional damages. *Id*.

4. Defendants asked Mr. Prisbrey to provide documentation and photographs of the water damage to support his claim. *Id*

5. However, Mr. Prisbrey delayed getting the requested documents to Defendants, and instead sent four "Affidavits of Truth," wherein he demanded millions of dollars for Defendants' failure to compensate him. *Id*; *See also* Docket No. 2 Exhibits.

6. Defendants' counsel responded to these Affidavits of Truth and requested that they be allowed to inspect the property for the water loss to investigate Mr. Prisbrey's claims. *Id*.

7. Mr. Prisbrey's response was to demand absurd amounts of money just for access to his home, requiring that everyone who enters his home pay hundreds of thousands of dollars for each visit. *Id*.

8. In addition, he demanded that he be compensated for having to respond to each correspondence. *See* Docket No. 2 Exhibits.

9. Moreover, Mr. Prisbrey unreasonably demanded that Defendants respond to him without counsel, claiming that he didn't believe that counsel had authority to interfere in his affairs regarding State Auto. *Id*.

10. When Defendants refused to pay such exorbitant amounts, Mr. Prisbrey filed this action, naming not only Defendants, but additionally the president of State Auto who was not personally involved in any of the claim handling for Mr. Prisbrey. *See* Docket No. 2.

11. The Complaint was over 100 pages long with numerous exhibits attached and failed to contain coherent or recognizable claims such that the Court appointed counsel for Mr. Prisbrey for the limited purpose of preparing an Amended Complaint. *See* Docket Nos. 2 and 20.

12. Mr. Prisbrey then filed a motion asking that default judgment be awarded or otherwise require the Parties to participate in mediation. *See* Docket No. 24.

13. In his motion, Mr. Prisbrey claimed that he had not received notice of appearance of any counsel, and did not know what capacity counsel was acting, despite the fact that counsel had already corresponded with Mr. Prisbrey prior to the action, and counsel was named on the previous filings. *Id.*

14. He referred to counsel as lawyer/liar, and accused Defendants of fraud on the Court, not being a legal entity, and violating the truth in advertising law for misspelling the president of State Auto's name. *Id*.

15. Mr. Prisbrey has filed two other motions seeking summary dismissal of the case in his favor, each one repeating the same arguments and facts as before. *See* Docket Nos. 38 and 58.

16. Mr. Prisbrey continues to make the claim that the Affidavits of Truth are valid legal documents that required response from Defendants, and failure to do so means default judgment in his favor. *Id.*

17. The Court has already denied Mr. Prisbrey's request for default judgment and summary judgment and the third still pending. *See* Docket No. 44.

18. In addition to multiple frivolous filings, Mr. Prisbrey submitted extraordinary discovery requests on Defendants requesting several items that are not relevant or proportionate to the needs of the case. *See* Exhibit A, Plaintiff's First Set of Discovery Requests.

19. For example, Mr. Prisbrey sought the tax information for Defendants' counsel and the law firm, which is inappropriate and immaterial to the dispute regarding his water damage claim, and which is ultimately the central dispute in this case. *Id.*

20. Furthermore, Mr. Prisbrey has obstructed Defendants' request for an inspection of his home where the water damage occurred, requiring Defendants to get an Order from the Court. *See* Docket Nos. 35 and 44.

21. Mr. Prisbrey has also refused to answer discovery requests from Defendants, and the Court previously ordered him to comply with those requests. *Id.*

22. After the Court ordered Mr. Prisbrey to comply with the request, Parties agreed on November 28th, 2022 as the inspection date. *See* Docket No. 57.

23. However, just prior to the inspection date, Mr. Prisbrey notified Defendants that someone already came and inspected the house and therefore would no longer comply with the November 28, 2022 inspection. *Id.*

24. Mr. Prisbrey represented to Defendants that an adjuster came to visit his home and had inspected the parts of his home that he repaired that were previously damaged by water. *Id.*

25. However, the adjuster had been visiting the property related to a separate claim filed by Mr. Prisbrey related to fire damage on his property. *Id.*

26. The adjuster did not perform an inspection and looked at the repaired areas for approximately three minutes total after Mr. Prisbrey invited him into the home to look at the repairs. *Id.*

27. Recently, Mr. Prisbrey sent a letter to Defendants' counsel, asserting that he intends to file a lien on the property, assets, and persons of Strong & Hanni Law Firm and Ryan P. Atkinson and associates for services rendered in the amount of $6.5MM dollars. *See* Exhibit B, Notice of Intent to File Lien.

28. Mr. Prisbrey does not state the legal or factual basis for his claim that Strong & Hanni or any of its attorneys owe him anything, let alone such an absurd amount. *Id.*

29. On January 9, 2023, Mr. Prisbrey filed another motion to enter summary judgment and order discovery or mediation. *See* Docket No. 58.

30. Mr. Prisbrey even admits in his motion that he has made the same request for discovery twice before, the same requests that the Court has already determined were irrelevant and disproportionate. *Id.*

31. Furthermore, Mr. Prisbrey admits that he has already filed previous motions for summary judgment. *Id*.

**ARGUMENT**

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir. 2007); *See also Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008). Filing restrictions are appropriate where a litigant's abusive and lengthy history is properly set forth, the court provides guidelines as to what the litigant must do to file further pleadings or papers, and the litigant receives notice and an opportunity to oppose the court's order before it is instituted. *United States v. Coleman*, 707 F.App'x 563 (10th Cir. 2017) (unpublished). The relentless pursuit of an order can become abusive even though the party's intentions may be innocent when it imposes an undue burden on the opposing party's time and resources. *Calvin v. Lyons*, 770 F.App'x 433, 435 (10th Cir. 2019) (unpublished).

The court in *Tso v. Murray*, 2020 WL 1150005 (10th Cir. 2020), found a litigant's abusive and lengthy filings required appointment of a licensed attorney before the litigant could file anything else. The Tenth Circuit upheld restrictions against a litigant who had filed two actions and six motions. *Coleman*, 707 F. App'x 563. Restrictions are also appropriate where the litigant is abusive in his correspondence with opposing party or the court. *Werner v. State of Utah*, 32 F.3d 1446 (10th Cir. 1994).

Even though this case has been pending for a year, very little has been accomplished. Mr. Prisbrey has filed at least three motions all seeking summary or default judgment, even though the Court has already denied his requests. Additionally, Mr. Prisbrey continues to seek an order

from the Court requiring Defendants to respond to his extraordinary and irrelevant discovery requests. Such requests include the tax information for Defendants' counsel, individual adjusters for Defendants, and personal information for individuals otherwise not parties to this action. Yet, Mr. Prisbrey has obstructed Defendants' discovery efforts. Still to this day, Defendants have not been able to inspect Mr. Prisbrey's home despite the Court's Order.

Additionally, Mr. Prisbrey has filed a complaint with the insurance commission and with IRS claiming that State Auto is not a legal entity. Mr. Prisbrey recently sent counsel for Defendants a letter of intent indicating that if Strong & Hanni did not pay $6.5MM dollars, he would file a lien against the law firm and all its assets, and against Defendants' counsel personally. Defendants' counsel have been forced to engage the Firm's general counsel to be prepared to respond to these threats.

After the Court ordered Mr. Prisbrey to comply with the site inspection, he wrote in marker over the top of the order that the order is essentially an extermination order, implying the Court was murdering him and his wife by requiring the site inspection. Mr. Prisbrey then filed it with the Court. Such actions are abusive and are creating an undue burden on Defendants to have to respond to each of these redundant and meritless attacks. Mr. Prisbrey shows no indication of slowing down his harassing and abusive behaviors and will continue to file frivolous motions and pleadings unless restrictions are imposed.

The Court should require Mr. Prisbrey to obtain counsel before proceeding further in this action. If the Court does not find that counsel is required, at the very least, Mr. Prisbrey should first receive Court permission before filing any further pleadings or motions. These restrictions are narrowly tailored to ensure that Mr. Prisbrey does not continue to file frivolous and abusive

motions. Additionally, the Court should enjoin Mr. Prisbrey from further attacking Defendants' counsel and prevent him from filing for a lien. Mr. Prisbrey's attack on Defendants' counsel is frivolous and an inappropriate attempt to interfere with Defendants' legal representation rather than pursuing his claim on the merits.

## CONCLUSION

Mr. Prisbrey is an abusive litigant, and the Court should therefore impose restrictions on him to prevent any further frivolous and abusive litigation from going further. The Court should require Mr. Prisbrey to retain counsel or seek the Court's permission before proceeding with any further filings. Additionally, the Court should enjoin Mr. Prisbrey from any further attacks on Defendants' counsel, including filing a wrongful lien against Strong & Hanni and its employees.

DATED this 8th day of February, 2023.

STRONG & HANNI

*/s/ Ryan P. Atkinson*

Ryan P. Atkinson
Jack D. Smart
Michael F. Wunderli
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2023, a true and correct copy of the foregoing **MOTION FOR SANCTIONS TO DECLARE PLALINTIFF A VEXATIOUS LITIGANT** was mailed via U.S. Mail to the following:

Kent Terry Prisbrey
PO Box 461381
Leeds, UT 84746-1381

*/s/ Danae Lilyquist*