IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual, <br><br> Plaintiff, <br> v. <br><br> STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 4:21-cv-124 <br><br> District Judge David Nuffer <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court are three motions for sanctions filed by Plaintiff Kent Prisbrey. (ECF No. 66, ECF No. 70, ECF No. 74.) Mr. Prisbrey seeks sanctions against Defendants and their counsel for allegedly making false statements on mailing certificates of service. The court finds these motions are unsupported and meritless. Therefore, they are denied.

This case concerns a dispute regarding the amount of damages and cost of repairs Plaintiff incurred after suffering damage to his home in May 2020. Mr. Prisbrey has a homeowner's insurance policy with Defendants and claims he suffered over $150,000 in damages, while Defendants concluded Plaintiff's loss was around $10,000.

Defendants filed an opposition to Plaintiff's Motion for Summary Judgment and have also filed a Motion to Declare Plaintiff a Vexatious Litigant. Defendants utilized certified mail for their filings. Plaintiff claims Defendants and their counsel misrepresented the dates for when they filed their opposition and their motion. In support Mr. Prisbrey attaches copies of the tracking information for the respective filings. Mr. Prisbrey claims he is entitled to 25-million dollars in damages for each of the false statements. (ECF No. 66 p. 4, ECF No. 70 p. 8.) Plaintiff also requests an audit of Defendants' counsel on all certificates of service to "ensure this pattern

of conduct is not common practice." (ECF No. 70 p. 8.) Most recently, Plaintiff requested sanctions for a list of filings that were also allegedly part of this practice of deceit. (ECF No. 74.) Plaintiff also argues Defendants are trying to harass him via email when they invited him to withdraw the motion for sanctions and explained that Defendants and their counsel have no control over delays in the USPS mail system.

Rule 11 provides that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c). The court finds Plaintiff fails to articulate with requisite specificity the conduct that warrants millions and millions of dollars in sanctions. The court has reviewed Plaintiff's attachments from the USPS tacking system. They show the progress of the filings through the postal system. Admittedly there may be some delay in their progress, but that is not attributable to Defendants or their counsel. Moreover, there is no prejudice to Plaintiff from this delay as the court has not entered rulings on the respective motions and allowed adequate time for all parties to respond.

The court finds the multiple motions for sanctions unsupported in the record and warns Plaintiff that any similar future requests for sanctions based on these same arguments will be denied, and the court will seriously consider imposing sanctions against Plaintiff for their repeated filing. Defendants request fees for having to respond to the motion for sanctions. The court will deny that request without prejudice at this time. Finding no basis to enter sanctions the court DENIES Plaintiff's motions for sanctions. (ECF No. 66, ECF No. 70, ECF No. 74.).[1]

---

[1] The court notes that Mr. Prisbrey is proceeding pro se. Even under the liberal pleading standard given to pro se parties, Plaintiff's motions are still meritless. *See Williams v. Denmar LLC*, No. 21-CV-01431-DDD-NRN, 2022 WL 15517045, at *4 (D. Colo. Oct. 27, 2022) ("While pro se parties are entitled to have their pleadings reviewed with some measure of liberal deference accorded to their status as pro se parties, this liberal deference 'does not confer a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting *In re Winslow*, 132 B.R. 1016, 1019 (Bankr. D. Colo.1991)); *Hall v. Bellmon*, 935 F.2d

IT IS SO ORDERED.

DATED this 10 April 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

1106, 1110, 19 Fed. R. Serv. 3d 1217, 1991 WL 90172 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").