IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>Plaintiff,<br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 4:21-cv-124<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants move the court to strike a document lodged by Plaintiff Kent Prisbrey who is proceeding pro se and seek their attorney fees.[1] (ECF No. 57.) On November 22, 2022, Plaintiff filed a document titled "Notice to courts of completion of court order." (ECF No. 55.) In the document Plaintiff avers that he complied with the court's prior order. The court previously granted Defendants' short form discovery motion ordering an inspection of Plaintiff's home and that he provide updated discovery responses. (ECF No. 44.) Although Mr. Prisbrey claims he complied with this order, Defendants argue he has failed to comply, and they remain in the same position as they were prior to the court's order—without the information they need to adequately defend this case and prepare for trial. As set forth herein the court GRANTS the motion and ORDERS that discovery be provided.

---

[1] The court construes Plaintiff's pleadings liberally and holds him to a less stringent standard that that for lawyers. *See* Hall v. Bellmon, 935 F.2d 1106, 1110, 19 Fed. R. Serv. 3d 1217, 1991 WL 90172 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

## BACKGROUND

Plaintiff has a homeowner's insurance policy with Defendants. On approximately May 5, 2020, a water pipe, or plumbing fixture, in the wall of Plaintiff's home ruptured causing damage to the bathroom, other rooms, walls, joints, and other areas of the home. Amended Compl. p. 3. Plaintiff reported the damage to State Auto and received a claim number. "On May 19th, 2020, an inspection was performed by an inspection service and subsequently an estimate of the observed damages in the amount of $9,955.41 was completed on May 23rd, 2020." *Id.* at p. 4. Following the inspection Plaintiff received other bids and work was performed to repair the damage.

A dispute then arose about the amount of damages and cost of repairs. Defendants completed their investigation and concluded that Plaintiff's loss was $10,000. In contrast, Plaintiff claimed there were additional losses stemming from the flooding and began making demands for $154,986.86 in additional damages. Defendants requested additional documentation and Plaintiff responded with "Affidavits of Truth", wherein Plaintiff demanded millions of dollars for Defendants' failure to compensate him. Defendants requested permission to complete an inspection of the home to evaluate Plaintiff's claimed additional losses. These requests were denied.

On September 26, 2022, the court granted Defendants' short form discovery motion ordering the parties to work together to find an agreeable time for an inspection of Plaintiff's home. (ECF No. 44 p. 5.) The court also ordered Plaintiff to provide updated discovery responses. The parties exchanged multiple emails regarding the court ordered inspection. Eventually the parties settled on November 28, 2022, for the inspection. On November 22, 2022, Plaintiff filed notice that he had complied with the court order as on November 11, 2022, "an

agent of state auto insurance companies came early and inspected the repairs and took pictures." (ECF No. 55 p. 2.) Following investigation by Defendants, Defendants determined that Plaintiff filed a separate fire claim with his insurance, and James Montana, an independent adjuster with Alacrity, came to investigate the fire claim unrelated to this case on November 11, 1022. Defendants note that they still have not had an opportunity to inspect the property. In addition, Defendants claim Plaintiff has failed to supplement his responses to their Interrogatories as ordered by the court.

## DISCUSSION

As noted by the court in its prior order, discovery disputes are governed by Federal Rule 26. This Rule authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001).

Rule 37 of the Federal Rules of Civil Procedure provides: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: .... (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37.

Based on the record before the court, Defendants are still entitled to the discovery they seek, including inspection of Plaintiff's home. The inspection that took place on November 11,

2022, was not for this case and does not satisfy the court's prior order. In addition, Plaintiff's updated discovery responses are clearly lacking. The court therefore grants Defendants' motion and STRIKES Plaintiff's filing that he has complied with the court's prior order.

The court has reviewed the recent filings by Plaintiff, and even when broadly construing them, there is nothing before the court to persuade it that Plaintiff has been compliant with the court's order. Defendants request sanctions against Plaintiff for his failure to comply. These include a finding of contempt, ordering Plaintiff to pay Defendants' attorney fees for his baseless claims of compliance, or in the alternative, dismissal of Plaintiff's causes of action.

Generally, before imposing sanctions-especially a dispositive sanction such as dismissing Plaintiff's causes of action-courts in this Circuit consider what are termed the Ehrenhaus factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). The Tenth Circuit laid out these factors in affirming a district court's decision to dismiss a complaint with prejudice as a sanction for violating a discovery order. They are not a "rigid test" *Ehrenhaus*, 965 F.2d at 921, but include the following factors: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See id.* These factors are not exhaustive, nor are the factors necessarily of equal weight. See *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir.2005). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction. *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks omitted).

Clearly Defendants have been prejudiced by Plaintiff's actions and Plaintiff has interfered with the judicial process as he has ignored or disregarded the court's order. There is

some remote possibility that Plaintiff failed to understand that Mr. Montana was only there to inspect the fire insurance claim, which can negate his culpability. Based on the filings before the court, however, it appears Plaintiff is sophisticated as a litigant. Thus, culpability currently weighs by the slimmest of margins in Plaintiff's favor, although that could change if Plaintiff continues to file unsupported frivolous motions and resists his obligations to comply with discovery.

As to the remaining factors, the court warns Plaintiff that continued failures to abide by its orders and cooperate in this case will result in more severe sanctions, including possible dismissal of his case. Based on the current conduct the court finds it appropriate to award Defendants their attorney fees in filing the current motion, and for their investigation expenses to determine whether Plaintiff's document notifying compliance was in fact legitimate. *See, e.g., Brigham Young Univ. v. Pfizer*, Inc., 262 F.R.D. 637, 643, 2009 WL 3615080 (D. Utah 2009) (imposing $852,315.80 in costs and fees against the defendant for continued failures in the discovery process). Defendants are to provide the court with an affidavit of fees within thirty (30) days from the date of this order. Thus, this aspect of Defendants' motion is also granted.

Finally, the court ORDERS Plaintiff to cooperate with Defendants to establish a new inspection date for his home. Plaintiff is FURTHER ORDERED to supplement the answers to his discovery responses in a complete and truthful manner within thirty (30) days from the date of this order.

## ORDER

Defendants' Motion to Strike is GRANTED. Plaintiff's Notice of court compliance (ECF No. 55.) is STRICKEN.

IT IS FURTHER ORDERED that Defendants are awarded their reasonable attorney fees as set forth above.

IT IS ORDERED that Plaintiff is to supplement his answers to Defendants' discovery requests within thirty (30) days from the date of this order and Plaintiff is ORDERED to cooperate in establishing a new date and time for an inspection of his home by Defendants and their representatives. A failure to abide by this order will result in the imposition of additional sanctions.

IT IS SO ORDERED.

DATED this 10 April 2023.

_____
Dustin B. Pead
United States Magistrate Judge