IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 4:21-cv-124 DN DBP<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants move the court for sanctions and to declare Plaintiff a vexatious litigant. (ECF No. 61.) In support, Defendants point to the record in this case, Plaintiff's propensity to file repetitive frivolous unsupported motions, Plaintiff's improper requests for discovery that is irrelevant, and the issuance of threats made against Defense counsel that include the possible placing of liens on Defendants' law firm and individual attorneys, and requests of unsubstantiated amounts of money in the millions of dollars from Defense counsel for interfering with the judicial process. The court has carefully reviewed the record and is very concerned by Plaintiff's conduct. The court will deny Defendants' motion without prejudice; however, the court warns Plaintiff that continuing his course of present conduct will result in sanctions.

This case arises from alleged water damage to Plaintiff's home in Leeds, Utah on or around May 11, 2020. A disagreement arose between the parties over the amount of damages. Plaintiff alleges his loss resulted in $154,986.85 in damages, while Defendants investigated the loss and determined it was $10,000. To date, Defendants have yet to be allowed in Plaintiff's home to investigate the alleged damages. The court has now entered multiple orders requiring that this inspection take place.

The current motion requests that the court declare Plaintiff a vexatious litigant and impose certain restrictions on Plaintiff. These include requiring Plaintiff to obtain counsel before proceeding further in this action, or at the very least, enjoin Plaintiff from filing any further pleadings or motions without first receiving court permission to do so. Plaintiff offers little in the way of a response to Defendants' arguments. Plaintiff attaches a criminal case from the Supreme Court issued in 1909, *J.D. Compton v. State of Alabama*, 214 U.S. 1 (1909) that is irrelevant. Plaintiff also makes vague references to trust law and that this is a collection action whereby Defendants owe fiduciary duties to Plaintiff. Additionally, Plaintiff makes continued arguments that he only has a contract with Defendants and their attorneys are a "third party interferer" in the process. In sum, Plaintiff's objection is a rambling collection of irrelevant items that do little to help this case, or Defendants' motion, move toward resolution.

A review of the docket demonstrates Plaintiff's pattern for filing frivolous, repetitive, and unsupported motions. This is a waste of the court's resources and those of the parties. It is also a violation of Rule 11. Under Federal Rule of Civil Procedure 11 "an attorney or unrepresented party certifies" that a pleading presented to the court "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and it has "evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11.

Plaintiff is reminded that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). District courts have the power to enjoin litigants who "abuse the court system by harassing their opponents." *Id*. at 352. The Tenth Circuit has further recognized that

"[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). "[E]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (quotation omitted).

The Tenth Circuit has upheld filing restrictions on litigants when their "behavior amount[s] to a pattern of malicious, abusive, and frivolous litigation." *Demos v. Keating*, 33 F. App'x 918, 920 (10th Cir. 2002) (unpublished) (collecting cases). "Filing restrictions are appropriate where '(1) the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) 'the litigant receives notice and an opportunity to oppose the court's order before it is instituted.'" *Lundahl v. Halabi*, 600 F. App'x 596, 609-610 (10th Cir. 2014). (quoting *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010)). "The notice and opportunity requirement does not, however, require an in-person hearing in the district court." *Tripati*, 878 F.2d at 354.

The court is aware of Plaintiff's pro se status and the requirement that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, pro se parties must "'follow the same rules of procedure that govern other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)). Plaintiff is warned that the continued repetitive filings of meritless motions may become the basis for filing restrictions, including the restriction from filing future motions and pleadings in this case.

Finally, the court notes that Defendants, as insurance companies, may not represent themselves. *See* DUCivR 83-1.3(c) ("No corporation, association, partnership or other artificial entity may appear pro se and must be represented by an attorney who is admitted to practice in this court."). Plaintiff's continued arguments that he has no contract with Defense counsel and that they are third party interferers in this case is wholly rejected.

ORDER

The court DENIES WITHOUT PREJUDICE Defendants' Motion for Sanctions. (ECF No. 61.) However, Plaintiff is ORDERED to abide by the rules, cease nonsensical repetitive filings, cease any improper communications with Defendants or their counsel, and cooperate in the discovery process. The court finds Plaintiff's Motion to Strike the Motion for Sanctions MOOT. (ECF No. 65.)

IT IS SO ORDERED.

DATED this 17 April 2023.

_____
Dustin B. Pead
United States Magistrate Judge

4