IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>Plaintiff,<br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 4:21-cv-124<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are a series of related motions filed by Plaintiff Kent Prisbrey who is proceeding pro se.[1] (ECF No. 58, ECF No. 62, ECF No. 64.) Specifically, Plaintiff moves for entry of "summary judgment as requested in previous motions" (ECF No. 58 p. 1.) for entry of judgment because Defendants have allegedly "not objected to this court entering judgment in favor of [Plaintiff] in [his] motion for courts to enter judgment" dated January 9, 2023, (ECF No. 62 p. 1.) and for default, for allegedly once again, failing to respond to his motion dated "9 January 2023." (ECF No. 64.) Plaintiff seeks compensation in the amount of "10 million 193 thousand 322 dollars and 7 cents tort injury and other damages and 154,986.85 for repairs." (ECF No. 64 p. 1.) The court denies each of the motions.

This dispute centers around a homeowners insurance policy between the parties. Plaintiff suffered damage to his home, received estimates, made repairs, and then made demands for reimbursement that far exceeded Defendants' estimates. The court has ordered that further

---

[1] The court construes Plaintiff's pleadings liberally and holds him to a less stringent standard that that for lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110, 19 Fed. R. Serv. 3d 1217, 1991 WL 90172 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

discovery take place, including a home inspection. To date, that discovery has not been completed. Additionally, the court has already denied motions by Plaintiff seeking summary judgment, mediation, and for discovery that is unrelated to this matter. (ECF No. 44.)

The court finds the current motions at issue are frivolous, repetitive, and unsupported by the record. Plaintiff's motion for entry of judgment (ECF No. 62.) and motion for default (ECF No. 64.), both rely on the misplaced view that Defendants failed to respond to Plaintiff's January 9, 2023, motion for summary judgment. This is incorrect. Plaintiff's motion for summary judgment was signed by him on January 9, 2023, and filed with the court on January 17, 2023. (ECF No. 58.) Defendants filed an opposition on February 2, 2023. (ECF No. 60.) In filings with the court Plaintiff continually states that an opposition for his presumed dispositive motions is due within fourteen days. This is also incorrect. The Local Rules provide that a response to dispositive motions is due "within 28 days after service of the motion." DUCivR 7-1(4). There is no basis to grant either of Plaintiff's motions. As such they are denied.

The court construes Plaintiff's motion for summary judgment, discovery and/or mediation as a motion for reconsideration because the court already denied those motions previously. In considering Plaintiff's motion, the court finds the circumstances in this case have not changed since the court initially denied those motions. Plaintiff's home has still not been inspected, and Plaintiff's discovery responses are severely lacking. Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995). Consequently, a motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or

arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

Here, Plaintiff offers no additional arguments in support of his motion and fails to convince the court that it has misapprehended the facts, Plaintiff's position, or controlling law. Accordingly, this motion is also denied.

## ORDER

For the reasons set forth above, Plaintiff's motions are DENIED. (ECF No. 58, ECF No. 62, ECF No. 64.)

IT IS SO ORDERED.

DATED this 17 April 2023.

_____
Dustin B. Pead
United States Magistrate Judge