IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND ADOPTING MAGISTRATE JUDGE'S MEMORANDUM DECISIONS AND ORDERS**<br><br>Case No. 4:21-cv-00124-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

The Memorandum Decisions and Orders[1] issued by United States Magistrate Judge Dustin B. Pead on April 11, 17, and 18, 2023:

- denied three motions for sanctions filed by Plaintiff;[2]

- granted a motion to strike filed by Defendants and awarded attorneys' fees to Defendants;[3]

- denied without prejudice a motion to declare Plaintiff as a vexatious litigant filed by Defendants, but warned Plaintiff to abide by court rules, cease nonsensical repetitive filings, cease any improper communications with Defendants or their counsel, and cooperate in the discovery process;[4]

---

[1] Memorandum Decision and Order, docket no. 77, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 78, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 80, filed Apr. 17, 2023; Memorandum Decision and Order, docket no. 81, filed Apr. 17, 2023; Memorandum Decision and Order, docket no. 82, filed Apr. 18, 2023 (collectively, "Memorandum Decisions and Orders").

[2] Claimant Moves this Court to Sanction Defendants, docket no. 66, filed Mar. 3, 2023; Claimant Moves this Court to Sanction Defendants for Threats upon Kent Terry Prisbrey, docket no. 70, filed Mar. 11, 2023; Kent Motions Court to Enter an *[sic]* Sanctions on Defendants and Attorney Firm to Pay Fee Schedule by Order, docket no. 74, filed Mar. 31, 2023.

[3] Defendants' Objection and Motion to Strike Plaintiff's Notice to Courts of Completion of Court Order, docket no. 57, filed Jan. 5, 2023

[4] Motion for Sanctions to Declare Plaintiff a Vexatious Litigant, docket no. 61, filed Feb. 8, 2023.

- denied motions for summary judgment, judgment, and default filed by Plaintiff;[5] and

- denied a motion for hearing filed by Plaintiff.[6]

On April 21 and May 1, 2023, Plaintiff filed responses indicating his understanding of the Memorandum Decisions and Orders,[7] and objecting to the Memorandum Decisions and Orders ("Objection").[8]

Plaintiff argues that the Memorandum Decisions and Orders contain false and misleading facts; omit facts and evidence; are biased in favor of Defendants; prejudice Plaintiff; are improper attempts to "legislate from the bench;" and are internally contradictory and contradict prior court orders.[9] But Plaintiff's Objection contains only generalized and vague argument. It fails to specifically identify any factual or legal error in the Memorandum Decisions and Orders.

"[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the polices behind the Magistrate's Act[.]"[10] Therefore, "a party's objections to the magistrate judge's [ruling] must be both timely and *specific* to preserve an issue for de novo review by the district court or for appellate review."[11]

---

[5] Motion to Entry Summary Judgment and Order Discovery and or Order Mediation, docket no. 58, filed Jan. 17, 2023; Claimant Moves Court to Enter Judgment in Favor of Claimant for no Objection / Tacit Agreement, docket no. 62, filed Feb. 9, 2023; Move Court to Enter Order, docket no. 64, filed Mar. 1, 2023.

[6] Moves Court to Set the Hearing Requested and Kent's Response to Defendants Request to Submit for Decision and Defendants' Request for Hearing, docket no. 76, filed Apr. 10, 2023.

[7] Kent's Response to Court's Orders with His Understanding of Said Orders, docket no. 84, filed Apr. 21, 2023; Kent's Response to Court's Orders with His Understanding of Said Orders, docket no. 86, filed May 1, 2023.

[8] Kent Opposition Response to Court's Memorandum of Court's Orders, docket no. 87, filed May 1, 2023 ("Objection").

[9] *Id*. at 1-2.

[10] *U.S. v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[11] *Id*. (emphasis added).

Because Plaintiff fails to specifically identify any portion of the Memorandum Decisions and Orders that constitutes error, his Objection is insufficient to preserve any issue for review. Therefore, Plaintiff has waived objection to the Memorandum Decisions and Orders.

Nevertheless, de novo review has been completed of the Memorandum Decisions and Orders, the findings and conclusions (including the record that was before Judge Pead), and the reasoning set forth in the Memorandum Decisions and Orders.[12] The analysis and conclusions of Judge Pead are not "clearly erroneous or contrary to law,"[13] and are correct. Therefore, the analysis and conclusions of Judge Pead are accepted, Plaintiff's Objection[14] is OVERRULED, and the Memorandum Decisions and Orders[15] are ADOPTED.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Objection[16] is OVERRULED, and the Memorandum Decisions and Orders[17] are ADOPTED.

Signed May 8, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[12] 28 U.S.C. § 636(b).

[13] *Id*.; see also FED. R. CIV. P. 72.

[14] Docket no. 87, filed May 1, 2023.

[15] Docket no. 77, filed Apr. 11, 2023; Docket no. 78, filed Apr. 11, 2023; Docket no. 80, filed Apr. 17, 2023; Docket no. 81, filed Apr. 17, 2023; Docket no. 82, filed Apr. 18, 2023.

[16] Docket no. 87, filed May 1, 2023.

[17] Docket no. 77, filed Apr. 11, 2023; Docket no. 78, filed Apr. 11, 2023; Docket no. 80, filed Apr. 17, 2023; Docket no. 81, filed Apr. 17, 2023; Docket no. 82, filed Apr. 18, 2023.