IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>Plaintiff,<br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER CONCERNING SUBPOENAS<br><br>Case No. 4:21-cv-124<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Dustin B. Pead |

The matter before the court concerns certain subpoenas served by pro se Plaintiff Kent Prisbrey. Defendants State Auto Insurance Companies and Milbank Insurance Company object to the subpoena served upon them about June 1, 2023 and move to quash it. (ECF No. 95.) Third Parties Strong & Hanni, Ryan P. Atkinson, Jack D. Smart, and Michael F. Wunderli (collectively Strong & Hanni) move the court to quash Plaintiff's Subpoena to Produce Documents that was served on Strong & Hanni on June 14, 2023. (ECF No. 99.) And Plaintiff moves the court to reissue subpoenas. (ECF No. 103.) As set forth herein, the court GRANTS in Part Defendants' motion, GRANTS Strong and Hanni's motion, and DENIES Plaintiff's Motion to Reissue Subpoenas.[1]

## BACKGROUND

Defendants issued a homeowner's insurance policy for Plaintiff's home located in Leeds, Utah. On approximately May 5, 2020, a water pipe, or plumbing fixture, in the wall of Plaintiff's home ruptured causing damage to the bathroom, other rooms, walls, joints, and other areas of the

---

[1] This case is referred to the undersigned pursuant to 28 U.s.C. § 636(b)(1)(B) from District Judge David Nuffer. The court elects to decide the motions based on the written memoranda. DUCivR 7-1(g).

home. Amended Compl. p. 3. Plaintiff reported the damage to State Auto and received a claim number. "On May 19th, 2020, an inspection was performed by an inspection service and subsequently an estimate of the observed damages in the amount of $9,955.41 was completed on May 23rd, 2020." *Id*. at p. 4. After this inspection, Plaintiff received other bids and work was performed to repair the damage.

A dispute then arose about the amount of damages and cost of repairs. Defendants completed their investigation and concluded that Plaintiff's loss was $10,000. In contrast, Plaintiff claimed there were additional losses stemming from the flooding and began making demands for $154,986.86 in additional damages. Defendants requested additional documentation and Plaintiff responded with "Affidavits of Truth", wherein Plaintiff demanded millions of dollars for Defendants' failure to compensate him. Defendants requested permission to complete an inspection of the home to evaluate Plaintiff's claimed additional losses. To date, however, there have still been issues with completing this inspection. With this backdrop the court turns to the pending motions.

## LEGAL STANDARDS

The issuance of subpoenas is governed by Rule 45 of the Federal Rules of Civil Procedure. "It authorizes the issuance of a subpoena duces tecum seeking the production of documents (or other materials) from a nonparty." *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477-DN, 2015 WL 2093292, at *2 (D. Utah May 5, 2015). Under Rule 45(c)(3), the court must modify or quash a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

The court is also permitted, under Rule 45, to modify or quash a subpoena if compliance with the subpoena requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed.R.Civ.P. 45(c)(3)(B).

Because subpoenas under Rule 45 are a discovery device, they are also subject to the limitations found in Rule 26, including relevance and proportionality. Fed. R. Civ. P. 26. Thus, the court may quash a subpoena that seeks privileged or irrelevant information, is over-broad, duplicative, or unduly burdensome. Fed. R. Civ. P. 26(b)(1).

"A motion to quash a subpoena 'may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.'" *Zoobuh, Inc.*, 2015 WL 2093292, at *2 (quoting *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D.Kan.1999)). The movant bears the burden of persuasion on a motion to quash and motions to quash are left to the discretion of the court. *See id.*

## DISCUSSION

At the outset the court notes that some of Plaintiff's subpoenas required compliance by a date that is nonexistent—June 31, 2023. The court construes this as a scrivener's error since one of the subpoenas lists June 30, 2023, as the date of compliance. Thus, the court does not quash the subpoenas based on an incorrect deadline and ascribes to the other subpoenas the same date for compliance—June 30, 2023.

### I. Defendants' Motion to Quash

Plaintiff's subpoena to Defendants requests a litany of items. These include, *inert alia*, the production of documents relating to contracts and accounting of Fidelity and Rowe Price accounts, contracts between Defendants and their representatives, Defendants' operating procedures, the identification of each individual that will be inspecting Plaintiff's home, IRS letters on status, regulation certificates and insurance policies as well as the EIN and TIN of Defendants, attorney bills and billing information and the tax ID and EIN for Strong and Hanni including billing costs and fees. (ECF No. 105-1.)

Defendants first object to these requests on the basis that such discovery should be sought under Rule 34 not Rule 45 of the Federal Rules of Civil Procedure. Rule 34 pertains to the production and request for inspection of certain documents, data, and other tangible things. Fed. R. Civ. P. 34. The court agrees that generally Rule 45 is ordinarily reserved for non-party discovery. *See* Fed. R. Civ. P. 45; *Zoobuh,* 2015 WL 2093292, at *2. However, that issue need not be dispositive of the current dispute given that Rule 45 allows a subpoena to be quashed if it poses an undue burden or requires the production of certain confidential information. Equally importantly here, is also the requirement that the subpoenas must still be considered against the backdrop and confines of Federal Rule of Civil Procedure 26.

Defendants argue the subpoenas seek irrelevant, privileged, and confidential information. They are also overly broad and disproportionate to the needs of this case. For example, contracts and accounting associated with a Fidelity account and Rowe Price account are irrelevant to the claims and defenses here. So too, are the contracts between Defendants and their representatives.

In response, Plaintiff asserts Defendants have not provided the needed information and sufficient details to quash the subpoena. Moreover, Defendants have refused to produce items in discovery, so a Rule 45 subpoena was necessary. Finally, according to Plaintiff, "information is relevant now so Kent can determine if he is dealing with living or dead entities in public or private especially since defendants and its representatives want to enter Kents private property and is very necessary due to this court's sanctions and orders …." Op. p. 2, ECF No. 98.

The court has already denied Plaintiff's discovery requests for tax information from Defendants and from Defendants' counsel. *See* Memorandum Decision and Order, ECF No. 54, dated Nov. 16, 2022. Nothing before the court persuades it to change that ruling. Thus, the motion to quash is granted as to all tax information and documents. Simply changing to another discovery mechanism, such as a subpoena, does not make them relevant and discoverable. The court previously warned Plaintiff that the "continued repetitive filings of meritless motions may become the basis for filing restrictions, including the restriction from filing future motions and pleadings in this case." Memorandum Decision and Order p. 3, ECF No. 80, dated April 17, 2023. This same warning applies to senseless discovery requests made by Plaintiff including those that have already been rejected by the court. Arguments already rejected by this court, such as Defense counsel are third party interferers in this case, should likewise not be brought again by Plaintiff.

This case centers on a dispute over insurance coverage for alleged water damage and subsequent repairs. Thus, information pertaining to contracts between Defendants and their counsel, Fidelity and Rowe Price accounts, bonding insurance, DBA registration certificates, TIN and EIN numbers, other insurance policy contracts of Defendants, and information proving Defense counsel are licensed attorneys and allowed to do business in Utah are all irrelevant to

5

the claims and defenses here. While discovery is broad at this stage of the litigation, it is not without limits and Plaintiff's subpoenas exceed the Rule 26 limitations on scope.

One item that does not exceed the scope, is the name of those who will be coming to Plaintiff's house to perform an inspection, although such information may now be moot if the inspection took place as planned on July 7, 2023. The court will grant Defendants' Motion to Quash in part, as Plaintiff may obtain the name of those individuals which will be coming, but it need not include the litany of other information such as "bond insurance, license to do business in Utah, certificate of good standing, IRS determination letter ruling on status, DBA registration certificate, contract with State Auto and operating procedure, insurance policy with policy limits and contact information, EIN, and TIN of the business licensing, insurance, and tax information, for those individuals." Such recurring requests made by Plaintiff are beyond the scope of discovery and need not be produced. Thus, most of Plaintiff's subpoenas are quashed.

The court is concerned that what should be a relatively straight forward insurance coverage dispute has turned into a pandoras box filled with Plaintiff's delusional assertions and over broad discovery requests. Plaintiff is once again ORDERED to cooperate in discovery and seek to bring this case to a timely resolution. A "fishing expedition" in the legal sense, is not as Plaintiff states where one hires a "charter to take me deep sea fishing", rather, it is continually seeking the discovery of information that is irrelevant, privileged, unnecessary, or confidential through discovery mechanisms. In short, it is turning a minor dispute into Mount Everest through senseless discovery requests. Couple this with Plaintiff's continued obstinance and lack of cooperation, and the court is very close to entering further sanctions in this case including dismissal for Plaintiff's conduct.

## II. Third Parties (Strong and Hanni) Motion to Quash

Plaintiff served subpoenas on third parties Strong & Hanni, Ryan P. Atkinson, Jack D. Smart, and Michael F. Wunderli, seeking the same type of information as that sought from Defendants. The subpoena commands production of the following:

> all [sic] attorneys of record in this case produce their delegation of authority to represent defendants, foreign registration FARA all licensing, DBA registration certificate, license to do business in utah [sic], Bar card/bond, Certificate of registration of a foreign corporation operating in Utah, IRS determination letter ruling on contract between strong & hanni Lawfirm [sic] and each attornys [sic] of record between defendants / state auto [sic] Insurance companies and milbank [sic] Insurance company et al.

(ECF No. 99 p. 2-3.)

Strong and Hanni argues the subpoenas should be quashed because they are irrelevant in violation of Rule 36(b)(1), they are not proportional to the property insurance claim, the requests are burdensome, some requests are vague, and they present an undue burden. For example, Strong and Hanni asserts the following request is vague: "IRS determination letter ruling on contract between strong & hanni Lawfirm [sic] and each attornys [sic] of record between defendants state auto [sic] Insurance companies and milbank [sic] Insurance company et al". (ECF No. 99 p. 4.)

In response, Plaintiff relies on the same arguments set forth in response to Defendants' motion to quash. In addition, Plaintiff argues it is "obvious to me this is done to drag this case out and cause delays. And this court should hold them accountable for wasting the courts time in filing two motions to squash for the same subpoenas." (ECF No. 102.)

The court is persuaded by Strong and Hanni's arguments. Most of the information sought is irrelevant to the current insurance dispute and is not proportional to the needs in this case. In addition, the court agrees that other information sought is vague as set forth above. Finally, there

is no evidence that moving to quash substantially similar subpoenas issued to both Defendants and the Third Parties is an attempt to delay or drag this case out. Rather, the discovery sought, such as the contractual relationship between Strong and Hanni and its clients, is not relevant to Plaintiff's insurance claims. Plaintiff seeks to establish relevance for such discovery by arguing the information is needed due to sanctions entered by the court. Yet, the court is not persuaded that an order awarding attorney fees for one party opens that party's attorneys to such discovery. Plaintiff cites no authority for such a proposition and the court fails to find any persuasive authority to do so. Accordingly, Strong and Hanni's Motion to Quash is granted.

### III. Mr. Prisbrey's Motion to Reissue Subpoenas

Plaintiff requests the court reissue the subpoenas or order Defendants to comply with them within 14 days after an order is entered. As set forth above, the court grants the respective motions to quash concerning nearly all the information sought. Thus, there is no basis to compel compliance. In further support of the motion, Plaintiff relies on the need to spend additional money on subpoenas, and that Defendants' attorneys "have made it very difficult and expensive for Kent to serve the subpoenas making the process server serve another business location other then what I list on the court document in this case." (ECF No. 103 p. 2.)

As the court previously found, any misplaced date for compliance is ascribed as a scrivener's error, so there is no need to reissue the subpoenas for that reason or to save Plaintiff additional costs in doing so. Plaintiff offers no support for his threadbare assertion that Defendants' attorneys have made it difficult and expensive for Plaintiff to serve the subpoenas due to an incorrect addresses. The court rejects this argument finding no support for it in the record.

Plaintiff's Motion to Reissue the Subpoenas is DENIED.

## ORDER

For the reasoning set forth above:

Defendants' Motion to Quash is GRANTED IN PART. Plaintiff may have the names of those individuals that will be attending the home inspection.

The Third Parties' Motion to Quash is GRANTED.

Plaintiff's Motion to Reissue Subpoenas is DENIED.

IT IS SO ORDERED.

DATED this 21 July 2023.

_____
Dustin B. Pead
United States Magistrate Judge