Ryan P. Atkinson, #10673
Jack D. Smart, #15737
Michael F. Wunderli, #16991
STRONG & HANNI, P.C.
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Tel: (801) 532-7080
Fax: (801) 596-1508
ratkinson@strongandhanni.com
jsmart@strongandhanni.com
mwunderli@strongandhanni.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENT TERRY PRISBREY, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY; and DOES A-Z,<br><br>   Defendants. | **MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>Case No.: 4:21-CV-00124 DN DBP<br><br>District Judge David Nuffer<br>Chief Magistrate Judge Dustin B. Pead |

Defendants, State Auto Insurance Companies and Milbank Insurance Company, by and through counsel of record, Ryan P. Atkinson, Jack D. Smart, and Michael F. Wunderli of the firm Strong & Hanni, and under the Federal Rules of Civil Procedure submit this Motion to Dismiss for Failure to Prosecute and Failure to Comply with the Court's Orders as follows:

## **GROUNDS FOR RELIEF**

Defendants seek an order from the Court dismissing Plaintiff's action with prejudice for Plaintiff's failure to prosecute his claims and for failing to comply with the Court's discovery orders. Federal Rule of Civil Procedure 37(b)(2) permits the Court to dismiss an action where a party fails to obey an order to provide or permit discovery. Moreover, the Court is empowered to dismiss an action where the party fails to prosecute their case. Fed. R. Civ. Pro. 41(b).

Plaintiff has willfully refused to obey the Court's order requiring him to allow Defendants to inspect his home. Plaintiff's home is where the water damage occurred that Plaintiff claims Defendants were responsible for covering. Therefore, Defendants have a right to inspect the property where the damage allegedly occurred as part of their due diligence in preparing a defense against Plaintiff's claims. But Plaintiff has continued to obstruct Defendants' attempts to inspect the home by imposing unreasonable requirements and a list of demands to be fulfilled prior to the inspection. Plaintiff's demands are in blatant violation of the Court's prior orders to allow the inspection and can only have been by Plaintiff made to thwart the inspection. *See* Docket Nos. 35 and 44. In fact, the Court has already found Plaintiff in violation of these previous orders and was ordered to cooperate in establishing a new date and time for the inspection. *See* Docket No. 78.

Furthermore, Plaintiff has failed to prosecute his claims in any meaningful way by filing numerous, repeated, and frivolous motions for summary judgment, default judgment, meritless motions for sanctions, and a recent bill of lading for Defendants' counsel and our firm to pay Plaintiff $57,200,000 for services rendered in this lawsuit. *See* Bill of Lading, attached as Exhibit A. Moreover, Plaintiff has failed to prosecute his claims by obstructing discovery and refusing to

progress the case, despite the action pending for more than eighteen months. Defendants have expended outrageous amounts of attorneys' fees in defending against frivolous motions and petitioning the Court for assistance in getting discovery. Therefore, the Court should grant the Defendants' Motion to Dismiss.

## STATEMENT OF RELEVANT FACTS

1. Plaintiff filed his original Complaint on December 17, 2021.

2. Plaintiff filed his First Amended Complaint on April 13, 2022.

3. On May 19, 2022, Plaintiff served his First Set of Interrogatories on Defendants, and June 1, 2022 served his First Set of Requests for Production of Documents. *See* Docket No. 25.

4. Defendants served their responses to the Interrogatories on June 14, 2022.

5. Defendants served their First Set of Discovery Requests on Plaintiff on June 22, 2022.

6. Plaintiff responded to Defendants Discovery Requests on July 20, 2022, but refused to answer several discovery requests. *See* Docket Nos. 35 and 44.

7. Plaintiff sent Defendants another set of Discovery Requests on July 22, 2022, requesting substantially the same information from the first set of discovery requests served on May 19 and June 1.

8. Plaintiff has refused to allow Defendants to inspect his home. *See* Docket Nos. 35 and 44.

9. The Court ordered Plaintiff to comply with the discovery requests and cooperate with scheduling an inspection. *See* Docket 35 and 44.

10. The Parties agreed to November 28, 2022 for the inspection, but Plaintiff notified Defendants that someone had come to inspect the house already and cancelled the inspection. *See* Docket No. 57.

11. However, it was subsequently determined that the adjuster whoi visited Plaintiff's home did not inspect the water damaged property, but was there for entirely different reasons, and the Court had to order Plaintiff to cooperate with the Defendants in scheduling the inspection yet again. *See* Docket No. 78.

12. The Court awarded Defendants attorneys fees for Plaintiff's noncompliance with the Court's order for an inspection of the damaged property in the amount of $4,779.50, and explicitly warned Plaintiff that if he fails to prosecute his case or violates the rules or a court order again, that his case may be dismissed. *See* Docket No. 94.

13. Defendants and Plaintiff scheduled July 7, 2023 for the inspection. However, on June 26, 2023, Plaintiff sent Defendants a list of demands for Defendants to meet prior to conducting the inspection. *See* Emails Re: Home Inspection, attached hereto as Exhibit B; *See also* Docket No. 101.

14. Defendants' counsel reached out to Plaintiff to try and resolve the issues regarding the list of demands, but Plaintiff would not be reasonable, and still demanded that nearly all the requirements be met before the inspection. Defendants had to cancel the inspection due to Plaintiff's unreasonable demands. *See* Exhibit B.

15. The Court has previously warned Plaintiff that if he continues to obstruct discovery, that additional sanctions may be entered against him. *See* Docket No. 78.

16. The Court previously denied Defendants' previous Motion for Sanctions to Declare Plaintiff a Vexatious Litigant, but warned Plaintiff to comply with the rules, cease nonsensical filings, cease any improper communications with Defendants and their counsel, and cooperate in the discovery process. *See* Docket No. 80.

17. Plaintiff filed three complaints with the Office of Professional Conduct in April of 2023 against all three of Defendants' counsel, Ryan P. Atkinson, Jack D. Smart, and Michael F. Wunderli. *See* OPC Complaints, attached hereto as Exhibit C.

18. The Office of Professional Conduct decided to dismiss the Complaints on May 17, 2023. *See* Email and Letter from OPC, attached hereto as Exhibit D.

19. Plaintiff continues to submit frivolous filings and make outrageous demands upon Defendants and their counsel, including the Bill of Lading for $57,200,000. *See* Exhibit A.

20. Plaintiff filed another motion seeking an order from the Court to compel Defendants to produce the documents in his subpoenas, despite having already filed motions to the same effect. *See* Docket No. 109.

21. The Court recently ruled on the Motions to Quash the Subpoenas, and again warned the Plaintiff that any other frivolous filings and discovery requests could result in sanctions, including dismissing his claims. *See* Docket No. 111.

## ARGUMENT

### I.     Plaintiff has failed to comply with multiple court orders to permit inspection.

The Federal Rules of Civil Procedure permit a court to dismiss an action when a party fails to obey an order to provide or permit discovery. Fed. R. Civ. Pro. 37(b)(2). In determining

whether to dismiss an action under Rule 37(b)(2), the Court must first consider the following five factors: 1) the degree of actual prejudice to the defendant; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and 5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151-52 (10th Cir. 2007).

Dismissal is warranted when the factors weighing in favor of the defendant outweigh the judicial system's strong predisposition to resolve cases on their merits. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007); *Rogers*, at 1152. A court has inherent powers to levy sanctions in response to abusive litigation practices. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).

**Prejudice:** Plaintiff's obstructionist behaviors have severely prejudiced Defendants and will continue to prejudice Defendants. Prejudice can be shown through unreasonable delay as Defendants have a legitimate interest in resolving the matter within a reasonable amount of time. *Rogers*, at 1152. Prejudice can also be shown where the defendant loses an opportunity to gain relevant information about the factual basis of the claims. *Ecclesiastes*, at 1145. Plaintiff's actions have caused severe delay in the proceedings. This case has been pending for nearly two years, and still Defendants have not been able to inspect Plaintiff's home.

Furthermore, the longer it takes for Defendants to inspect the property, the more probable it becomes that critical evidence disappears. Plaintiff has already, to some degree, spoliated evidence by apparently making some of the repairs before Defendants were able to inspect the damage, and without having documented the damage. However, the more time that passes, the

more difficult it becomes to separate out the issues caused by the water damage as opposed to wear and tear or other unrelated causes of damage. Plaintiff has denied Defendants the opportunity to timely inspect the property, which is prejudicing their ability to adequately prepare a defense to his claims.

**Interference:** Plaintiff has repeatedly interfered with the judicial process. In *Ehrenhaus* the court stated that when the plaintiff willfully failed to comply with a court order, he flouted the court's authority. *Ehrenhaus*, at 921. "If this debtor could ignore court orders here without suffering the consequences, then [the district c]ourt cannot administer orderly justice, and the result would be chaos." *Id*. Discovery is part of the judicial process, and Plaintiff has insisted on preventing and stalling discovery for as long as possible by imposing unreasonable restrictions and demands. Even after the Court has ordered Plaintiff to cooperate with scheduling the inspection at least three times, Plaintiff still chooses to obstruct Defendants attempts to inspect the home. Plaintiff is flouting the Court's authority by refusing to comply with the Court's orders.

**Culpability:** Plaintiff has willfully acted to prevent Defendants from inspecting his home and has knowingly violated the Court's orders to cooperate with Defendants in allowing the inspection to occur. Plaintiff was made aware three separate times through Court orders that he was to cooperate with Defendants in getting the inspection scheduled and completed. In fact, Plaintiff was especially made aware that failure to do so could result in additional sanctions, and possibly dismissal of his case. Instead of complying, Plaintiff decided to impose his own set of demands and requirements, effectively obstructing Defendants' attempt to inspect the home and violating the Court's orders. A cursory review of Plaintiff's demands will demonstrate for the

Court the outrageous nature of Plaintiff's demands. Plaintiff's demands are completely impracticable, if not impossible, to meet.

**Warning:** Plaintiff has been warned that additional sanctions, more than just attorney's fees, will be imposed if Plaintiff does not cease filing frivolous filings, does not comply with discovery, and does not prosecute his case. *See* Docket Nos. 77, 78, 94. Even if Plaintiff has not been explicitly notified of the possibility of dismissal, he has been constructively warned. Failure to warn a party of the risk of dismissal is not required before dismissal becomes appropriate. *Rogers*, at 1152. Constructive notice without an express warning, together with the totality of the circumstances, is sufficient. *Ecclesiastes*, at 1150.

Even if Plaintiff has not been warned explicitly that his entire action could be dismissed, he has been constructively warned that dismissal is possible if he continued to violate the Court's orders and hinder the Court's management of its docket. More than once, the Court explicitly warned Plaintiff that additional sanctions were possible if he did not comply with prior orders and cease frivolous filings against Defendants. The Rules of Civil Procedure make it clear that dismissal is a possible sanction against a noncompliant party. Fed. R. Civ. Pro. 37(b)(2)(v). Plaintiff has been warned to adhere to the Rules of Civil Procedure. *See* Docket Nos. 46 and 80. Given the numerous incidents of noncompliance despite warnings that the Court could impose sanctions, and the Court's explicit warnings to follow the Federal Rules of Civil Procedure, the totality of the circumstances shows that Plaintiff was constructively given notice that dismissal was possible.

**Lesser Sanctions:** Lesser sanctions will not be enough to remedy Defendants' harm, nor will they be enough to convince Plaintiff to comply with the Court's orders. Plaintiff has already

demonstrated that he will blatantly ignore the Court's previous orders, and despite already being sanctioned to pay Defendants' attorneys' fees, he continues to flout the Court's authority. In *Haws v. Medical Priority Consultants, Inc.*, 2021 WL 2939947 (D. Utah April 13, 2021)(Slip copy), the court found that lesser sanctions wouldn't be effective as the pro se plaintiff had consistently failed to comply with court orders. The court held that the plaintiff's failure to obey the orders of the court were entirely unacceptable and shouldn't be tolerated. *Haws*, at *5.

Similarly, Plaintiff has violated multiple orders from the Court, has wasted Court resources and time, and caused Defendants to needlessly invest time and resources in defending the lawsuit. Therefore, lesser sanctions won't be effective, and dismissal with prejudice of Plaintiff's action is appropriate as a sanction.

Each of the five *Ehrenhaus* factors weigh in favor of dismissal with prejudice.

### II.     Plaintiff has failed to prosecute his claims.

Rule 41(b) permits the court to dismiss an action if the plaintiff fails to prosecute their claims. Fed. R. Civ. Pro. 41(b). Unless otherwise stated, a dismissal under Rule 41(b) operates as an adjudication on the merits. *Id*. The *Ehrenhaus* factors apply to motions to dismiss for failure to prosecute. *Ehrenhaus*, at 921.

**Prejudice:** As discussed above, Defendants have been prejudiced by Plaintiff's failure to prosecute and pursue timely resolution of this case. Defendants have a legitimate interest in bringing this matter to closure within a reasonable time. *Rogers*, at 1152. Plaintiff has caused this case to be dragged out with little to no progress. Rather than proceed with timely discovery, Plaintiff has chosen instead to file numerous frivolous motions, which has unnecessarily caused

an increase in Plaintiff's litigation expenses. Defendants continue to be prejudiced by Plaintiff's erratic behaviors.

**Interference:** Plaintiff has insisted on interfering with the judicial process by not allowing Defendants to perform necessary and relevant discovery and therefore allow the case to progress. Moreover, Plaintiff has substantially interfered with the judicial process by his incessant filings rather than proceed with the case despite the Court's repeated denials of his motions to dismiss and summary judgment. Plaintiff continues to waste judicial resources, time, and money, as well as hindering the Court's management of the docket. Plaintiff's filings continue to clutter the record.

**Culpability:** Plaintiff continues to willfully stall the case. His demands upon Defendants before he would allow the inspection to occur were unreasonable, and in fact, an attempt to gather evidence he had been previously denied through his discovery requests. Despite Defendants attempting to cooperate with Plaintiff, even going so far as to agree to wearing foot coverings and protective equipment, Plaintiff stubbornly refused to relent on his other demands. At this point, Plaintiff has demonstrated he is acting intentionally to harm Defendants, as shown by his repeated failure to obey the Court's orders, and repeated demands for extraordinary amounts of money from Defendants' attorneys personally, despite having no legally cognizable claim for monetary relief.

**Warning:** Plaintiff has been warned explicitly that failure to prosecute his case, or comply with a court order, his action may be dismissed. *See* Docket No. 94. However, as discussed above, even if an explicit warning had not been issued, Plaintiff has been constructively warned that his failure to move the case along and comply with the Court's orders

can result in the possible sanction of dismissal of his action. Plaintiff has been repeatedly warned that he must comply with the Rules of Civil Procedure, and that his failure to comply with the Court's orders could result in sanctions. Dismissal as a sanction is clearly stated in the Rules of Civil Procedure, and Plaintiff is still required to follow the rules even though he is proceeding pro se.

**Lesser Sanctions:** Plaintiff has now dragged this case on for more than eighteen months with no progress, and despite numerous warnings from the Court. He has ignored the Court's authority by refusing to cooperate with Defendants' request to inspect his home. His excessive filings have been determined to be frivolous, and he continues to file and assert meritless claims against Defendants, as well as Defendants' counsel. Plaintiff has filed complaints against all three of Defendants' listed attorneys with the Office of Professional Conduct, all three of which were dismissed, and has issued them a letter demanding more than fifty-seven million dollars in damages for "using his services." *See* Exhibit A. Plaintiff's continued abuses of the court system, harassment of Defendants, flouting the Court's authority, and repeated violations of court orders justifies dismissal of the action with prejudice. Lesser sanctions will do nothing to abate Plaintiff's actions in this case.

All the factors weigh in favor of dismissal of Plaintiff's action with prejudice.

## CONCLUSION

Plaintiff has failed to prosecute his case and has repeatedly violated the Court's orders. His continued behaviors demonstrate that dismissal of his action is appropriate, and therefore the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's action in its entirety with prejudice. Defendants should additionally be awarded their attorneys' fees associated with

having to respond to Plaintiff's meritless filings and repeatedly pursue discovery previously ordered by the Court.

DATED this 26th day of July, 2023.

                                STRONG & HANNI

                                */s/ Ryan P. Atkinson*

                                Ryan P. Atkinson
                                Jack D. Smart
                                Michael F. Wunderli
                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2023, a true and correct copy of the foregoing **MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS** was sent via U.S. Mail, Certified to the following:

Kent Terry Prisbrey
PO Box 461381
Leeds, UT 84746-1381

                                */s/ Danae Lilyquist*