IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND ADOPTING MAGISTRATE JUDGE'S ORDER AND RULING**<br><br>Case No. 4:21-cv-00124-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

Chief United States Magistrate Judge Dustin B. Pead held a status conference and motion hearing on August 31, 2023.[1] Judge Pead made oral findings and conclusions at the hearing, and ruled on several pending motions. The oral rulings were later memorialized in an Order and Ruling[2] entered on September 5, 2023. The Order and Ruling:

- ordered that the inspection of Plaintiff's property take place within 30 days, and that Plaintiff fully cooperate with Defendants' representatives so the inspection may occur in a reasonable and safe manner;

- granted Defendants' motion to quash subpoenas[3] and Strong & Hanni's motion to quash subpoena;[4]

- denied Plaintiff's motions to compel;[5]

---

[1] Minute Entry for Proceedings Held Before Magistrate Judge Dustin B. Pead, docket no. 126, filed Aug. 31, 2023.

[2] Docket no. 125, filed Sept. 5, 2023.

[3] Corrected Objection and Motion to Quash Plaintiff's Subpoenas Duces Tecum, docket no. 107, filed July 21, 2023

[4] Strong & Hanni's Motion to Quash Plaintiff's Subpoena Served on 8/1/2023, docket no. 119, filed Aug. 15, 2023.

[5] Motion for Court to Compel Defendants to Produce Documents on Subpoena and Sanctions for Contempt of Court, docket no. 108, filed July 20, 2023; Motion for Court to Compel Defendants to Produce Documents on Subpoena and Sanctions for Contempt of Court and for Bad Faith, docket no. 109, filed July 20, 2023; Motion to Compel Production Documents Subpoena Served on 8/1/2023 and Objection to Strong & Hanni's Motion to Quash Plaintiff's Subpoena Served on 8/1/2023, docket no. 124, filed Aug. 24, 2023.

- denied Defendants' motion to strike;[6]

- denied without prejudice Defendants' motion to dismiss,[7] but warned Plaintiff that this is his last chance to fairly prosecute his case in a reasonable manner complying with the Rules and court orders; and

- ordered that Plaintiff must seek leave with the court to file any future discovery motions.

On September 20, 2023, Plaintiff timely filed an objection to the Order and Ruling ("Objection").[8]

Plaintiff objects to the Order and Ruling in its entirety arguing that it violates his constitutional rights.[9] To support this argument, Plaintiff makes numerous assertions regarding his beliefs and understanding of the law, as well as Judge Pead and this court's authority, which do not directly ascribe error to the Order and Ruling.[10] Plaintiff further argues that the ordered inspection of his property abridges and infringes his right to contract.[11] And Plaintiff argues that Judge Pead erred in denying his motions to compel and in quashing his subpoenas to Defendants and Strong & Hanni.[12]

De novo review has been completed of those portions of the Order and Ruling to which objection was made, including the record that was before Judge Pead and the reasoning set forth in the Order and Ruling and stated on the record at the August 31, 2023 hearing.[13] "[O]nly an

---

[6] Defendants' Motion to Strike Plaintiff's Overlength Opposition to Motion to Dismiss, docket no. 121, filed Aug. 24, 2023.

[7] Motion to Dismiss for Failure to Prosecute and Failure to Comply with the Court's Orders, docket no. 112, filed July 26, 2023.

[8] Objection to Court Order ("Objection"), docket no. 128, filed Sept. 20, 2023.

[9] *Id*. at 3.

[10] *Id*. at 1-6.

[11] *Id*. at 3-4.

[12] *Id*. at 4-6.

[13] 28 U.S.C. § 636(b).

objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the polices behind the Magistrate's Act[.]"[14] Therefore, "a party's objections to the magistrate judge's [ruling] must be both timely and *specific* to preserve an issue for de novo review by the district court or for appellate review."[15]

Plaintiff's Objection contains generalized and vague argument regarding violation of his constitutional rights. The Objection fails in this regard to specifically identify any factual or legal error in the Order and Ruling, and is insufficient to preserve such issues for review. Nevertheless, the Order and Ruling contains no order or directive that would constitute an abuse of discretion, error of law, violation of Plaintiff's constitutional rights. His unsupported erroneous views of the law and his rights cannot overturn the well-reasoned decisions of the magistrate judge.

Regarding the inspection of Plaintiff's property, Judge Pead previously ordered the inspection to occur and has sanctioned Plaintiff for his failure to comply with that order.[16] Plaintiff raised similar objection to those orders,[17] and his objections were overruled.[18] The Order and Ruling's directive that the inspection occur within thirty days is not an abuse of discretion, clearly erroneous, or contrary to law. A reasonable inspection of Plaintiff's property is

---

[14] *U.S. v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[15] *Id*. (emphasis added).

[16] Memorandum Decision and Order and Report and Recommendation at 4-5, docket no. 44, filed Sept. 26, 2022; Memorandum Decision and Order, docket no. 78, filed Apr. 11, 2023; Memorandum Decision and Order Regarding Attorney Fees, docket no. 94, filed June 6, 2023.

[17] Notice and Objection to Judge Dustin B. Pead's Memorandum Statements Titled "Memorandum Decision and Order and Report and Recommendation," docket no. 47, filed Oct. 12, 2022; Kent's Response to Court's Orders with His Understanding of Said Orders, docket no. 84, filed Apr. 21, 2023; Kent's Response to Court's Orders with His Understanding of Said Orders, docket no. 86, filed May 1, 2023; Kent Opposition Response to Court's Memorandum of Court's Orders, docket no. 87, filed May 1, 2023.

[18] Memorandum Decision and Order Adopting Report and Recommendation, docket no. 50, filed Oct. 27, 2022; Memorandum Decision and Order Overruling Objection and Adopting Magistrate Judge's Memorandum Decisions and Orders, docket no. 88, filed May 8, 2023.

absolutely necessary to Defendants' defense against Plaintiff's claims. Defendants are entitled to a reasonable inspection that is safe. And Plaintiff has improperly obstructed and unreasonably delayed such an inspection. Plaintiff's conduct has frustrated the just, speedy, and inexpensive administration of this case.[19]

Similarly, Plaintiff's motions to compel and subpoenas directed at Defendants and Strong & Hanni are nearly identical to prior discovery motions filed and subpoenas issued by Plaintiff,[20] which were denied and quashed.[21] Plaintiff did not timely object to the order quashing his prior subpoenas. Plaintiff's refiling of motions and reissuance of subpoenas seeking materials already determined to be irrelevant, and his objection to the Order and Ruling which confirmed prior orders to which no timely objection was made, frustrates the just, speedy, and inexpensive administration of this case.[22] The materials and information Plaintiff seeks with his motions to compel and his subpoenas to Defendants and Strong & Hanni are not relevant to the issues in this case. The Order and Ruling's denial of Plaintiff's motions to compel and the quashing of his subpoenas are not an abuse of discretion, clearly erroneous, or contrary to law; to the contrary, Plaintiff's actions and motions are contrary to law.

Finally, Plaintiff did not specifically object to the Order and Ruling's warning that this is Plaintiff's last chance to fairly prosecute his case, or its order that Plaintiff must seek leave of the court to file any future discovery motions. But these issues are worthy of further emphasis and discussion. Plaintiff is appearing pro se in this case and is afforded some leniency with his

---

[19] FED. R. CIV. P. 1.

[20] Short Form Discovery Motion to Compel, docket no. 51, filed Nov. 7, 2022; Motion for Court to Reissue the Subpoenas, docket no. 103, filed July 5, 2023.

[21] Memorandum Decision and Order, docket no. 54, filed Nov. 16, 2022; Memorandum Decision and Order Concerning Subpoenas, docket no. 111, filed July 25, 2023.

[22] FED. R. CIV. P. 1.

filings.[23] However, a pro see plaintiff must still "follow the same rules of procedure that govern other litigants."[24] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[25]

Plaintiff has been warned multiple times that he must follow the Rule of procedure, and that his continued repetitive filing of meritless motions would result in sanctions, including filing restrictions and dismissal of the case.[26] And Plaintiff has responded to these warnings with further obstruction, frivolous and duplicative filings, and dilatory conduct that frustrates the proper administration of the case. Plaintiff has had ample time and opportunity to fairly prosecute his case. Any future failure of Plaintiff to comply with a court order (whether such order is issued by Judge Pead or the District Judge) will result in the dismissal of this action and, upon application of Defendants, an award of their reasonable attorney's fees. In addition, sanctions may be imposed for impeding the administration of justice. These sanctions may be monetary or may include restrictions on Plaintiff's ability to file in this court.

Having completed de novo review of the Order and Ruling, the findings and conclusions (including the record that was before Judge Pead), and the reasoning stated at the August 31, 2023 hearing,[27] the analysis and conclusions of Judge Pead are not "clearly erroneous or contrary

---

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[25] *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

[26] Memorandum Decision and Order and Report and Recommendation, docket no. 44, filed Sept. 26, 2022; Order Striking Motion to Compel, docket no. 46, filed Sept. 30, 2022; Memorandum Decision and Order, docket no. 77, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 78, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 80, filed Apr. 17, 2023; Memorandum Decision and Order, docket no. 81, filed Apr. 17, 2023; Memorandum Decision and Order, docket no. 82, filed Apr. 18, 2023; Memorandum Decision and Order Concerning Subpoenas, docket no. 111, filed July 25, 2023.

[27] 28 U.S.C. § 636(b).

to law,"[28] and are correct. Therefore, the analysis and conclusions of Judge Pead are accepted, Plaintiff's Objection[29] is OVERRULED, and the Order and Ruling[30] is ADOPTED in its entirety.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Objection[31] is OVERRULED, and the Order and Ruling[32] is ADOPTED in its entirety.

Signed October 5, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[28] *Id.*; *see also* FED. R. CIV. P. 72.

[29] Docket no. 128, filed Sept. 20, 2023.

[30] Docket no. 125, filed Sept. 5, 2023.

[31] Docket no. 128, filed Sept. 20, 2023.

[32] Docket no. 125, filed Sept. 5, 2023.