IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>  Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXTEND IN-HOME INSPECTION DEADLINE OR TO SET ASIDE ORDERED INSPECTION**<br><br>Case No. 4:21-cv-00124-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

Plaintiff seeks to extend the deadline for an inspection of his property or to set aside the order requiring the inspection ("Motion").[1] Because Plaintiff fails to establish good cause or excusable neglect to extend the deadline for his property's inspection, and fails to articulate or establish any justification to set aside the ordered inspection, Plaintiff's Motion[2] is DENIED.

## DISCUSSION

At a hearing held on August 31, 2023, Chief United States Magistrate Judge Dustin B. Pead orally ordered that the inspection of Plaintiff's property take place within 30 days.[3] Judge Pead also ordered that Plaintiff fully cooperate with Defendants' representatives so the inspection may occur in a reasonable and safe manner.[4] And Judge Pead warned that this was

---

[1] Direct Court to Seaside *[sic]* / Extend In Home Inspection Date ("Motion"), docket no. 134, filed Oct. 16, 2023. Defendant has not responded to Plaintiff's Motion. But considering the content of the Motion, no response is necessary for a determination.

[2] Docket no. 134, filed Oct. 16, 2023.

[3] Minute Entry for Proceedings Held Before Magistrate Judge Dustin B. Pead ("Hearing Minutes"), docket no. 126, filed Aug. 31, 2023.

[4] *Id*.

Plaintiff's last chance to fairly prosecute his case in a reasonable manner, complying with the Rules and court orders.[5] These orders were later memorialized in a written order entered on September 5, 2023.[6]

On September 20, 2023, Plaintiff filed an objection to Judge Pead's written order ("Objection").[7] The Objection was based entirely on Plaintiff's unsupported erroneous views of the law and his rights, and was overruled on October 5, 2023.[8] Plaintiff failed to identify any factual or legal error in Judge Pead's orders.[9] And Judge Pead made no order or directive that constituted an abuse of discretion, error of law, or violation of Plaintiff's constitutional rights.[10]

Specific to the inspection of Plaintiff's property, Judge Pead had previously ordered the inspection to occur and had sanctioned Plaintiff for his failure to comply with that order.[11] Judge Pead's order that the inspection occur within thirty days was reasonable and proper under the circumstances.[12] The property's inspection is absolutely necessary to this case; Defendants are entitled to the inspection; and Plaintiff has improperly obstructed and unreasonably delayed the inspection.[13]

---

[5] *Id.*

[6] Order and Ruling, docket no. 125, filed Sept. 5, 2023.

[7] Objection to Court Order ("Objection"), docket no. 128, filed Sept. 20, 2023.

[8] Memorandum Decision and Order Overruling Objection and Adopting Magistrate Judge's Order and Ruling ("Order Overruling Objection"), docket no. 130, filed Oct. 5, 2023.

[9] *Id.* at 3-6.

[10] *Id.*

[11] *Id.* at 3-4; Memorandum Decision and Order and Report and Recommendation at 4-5, docket no. 44, filed Sept. 26, 2022; Memorandum Decision and Order, docket no. 78, filed Apr. 11, 2023; Memorandum Decision and Order Regarding Attorney Fees, docket no. 94, filed June 6, 2023.

[12] Order Overruling Objection at 3-4.

[13] *Id.*

Plaintiff's current Motion is nothing more than another attempt to improperly obstruct and unreasonably delay the inspection of his property.[14] Plaintiff asserts it is unclear when the ordered inspection of his property was to be completed.[15] But this assertion is plainly contradicted by the clear statements and orders made orally and in writing by Judge Pead.[16] Plaintiff did not seek clarification at the August 31, 2023 hearing, or after entry of the written order. Nor did Plaintiff seek a stay of the ordered inspection pending a determination on his Objection. Instead, Plaintiff inexplicably waited until nearly two weeks after the inspection's deadline (one week after his Objection was overruled) to file his Motion. The Motion was untimely under FED. R. CIV. P. 6(b)(1) and fails to show merit under that rule.

Plaintiff also obliquely references that he will be out-of-state until November 6, 2023, recovering from a car accident.[17] But he offers no other facts regarding when the car accident occurred, or how it may have impacted his ability to comply with the ordered inspection. Plaintiff's Motion is devoid of relevant facts and applicable law. Rather, Plaintiff espouses irrelevant and erroneous views of the law, his rights, and the roles and authority of federal judges.[18] And Plaintiff again raises already rejected arguments driven by his fantastical views.[19] Nothing in the Motion comes close to approaching the good cause and excusable neglect

---

[14] Plaintiff is appearing pro se in this case and is afforded some leniency with his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro see plaintiff must still "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

[15] Motion ¶ 4 at 2.

[16] Hearing Minutes; Order and Ruling.

[17] Motion ¶ 9 at 3.

[18] Motion at 1-3; Direct Nuffer and Pead to Act in Best Interest of Kent the Beneficiary of the Trust at 1-5, docket no. 134-1, filed Oct. 16, 2023.

[19] Motion at 1-3.

standards for extending the deadline to complete the inspection,[20] or a legal justification for setting aside the ordered inspection.[21]

Finally, Plaintiff has repeatedly frustrated the just, speedy, and inexpensive administration of this case.[22] He has been warned multiple times that he must follow court rules and orders, and that his continued unjustified delays and repetitive filing of meritless motions would result in sanctions, including filing restrictions and dismissal of the case.[23] Plaintiff's Motion is more evidence that he has responded to these warnings with further obstruction, frivolous and duplicative filings, and dilatory conduct that frustrates the proper administration of the case.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[24] is DENIED.

Signed November 14, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[20] FED. R. CIV. P. 6(b).

[21] *Id*. at 60(b).

[22] *Id*. at 1.

[23] Memorandum Decision and Order and Report and Recommendation, docket no. 44, filed Sept. 26, 2022; Order Striking Motion to Compel, docket no. 46, filed Sept. 30, 2022; Memorandum Decision and Order, docket no. 77, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 78, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 80, filed Apr. 17, 2023; Memorandum Decision and Order, docket no. 81, filed Apr. 17, 2023; Memorandum Decision and Order, docket no. 82, filed Apr. 18, 2023; Memorandum Decision and Order Concerning Subpoenas, docket no. 111, filed July 25, 2023; Hearing Minutes; Order and Ruling at 1-2; Order Overruling Objection at 4-5.

[24] Docket no. 134, filed Oct. 16, 2023.