IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:21-cv-00124-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

On August 31, 2023, Chief Magistrate Judge Dustin B. Pead ordered that an inspection of Plaintiff's property occur within 30 days, and that Plaintiff fully cooperate with Defendants' representatives so the inspection may occur in a reasonable and safe manner.[1] Defendants seek dismissal of this case and an award of attorney's fees based on Plaintiff's failure to comply with these orders ("Motion").[2] Plaintiff responds that he did not knowingly or intentionally violate the orders because he was unaware of their content and effect.[3]

Plaintiff has failed to prosecute this case. He has repeatedly failed to comply with discovery orders and to cooperate with Defendants regarding the inspection of his property. This conduct, as well as Plaintiff's continuous filing of duplicative and frivolous motions and documents have unreasonably delayed and frustrated the just, speedy, and inexpensive

[1] Minute Entry for Proceedings Held Before Magistrate Judge Dustin B. Pead ("Hearing Minutes"), docket no. 126, filed Aug. 31, 2023; Transcript of August 31, 2023 Motion Hearing ("Hearing Transcript"), docket no. 131, filed Oct. 11, 2023; Order and Ruling, docket no. 125, filed Sept. 5, 2023.

[2] Renewed Motion to Dismiss With Prejudice ("Motion"), docket no. 133, filed Oct. 17, 2023.

[3] Kent's Objection to Defendants' Motion to Dismiss With Prejudice ("Response"), docket no. 138, filed Nov. 14, 2023.

administration of this case. Despite receiving multiple warnings that he would be sanctioned for noncompliance with court orders, and previously being sanctioned for his noncompliance, Plaintiff's obstructive conduct is ongoing. The record plainly demonstrates that Plaintiff's conduct is willful, and that failure to comply with Judge Pead's August 31, 2023 orders regarding the property's inspection was knowing and intentional.

Plaintiff's conduct throughout the litigation and his failure to comply with Judge Pead's August 31, 2023 orders have severely prejudiced Defendants' ability to prepare defenses and has unjustifiably increased Defendants' attorney's fees. Therefore, dismissal of this action with prejudice is warranted and appropriate. And Defendants are awarded the attorney's fees they incurred because of Plaintiff's failure to comply with Judge Pead's August 31, 2023, orders. Defendants' Motion[4] is GRANTED.

## Contents

BACKGROUND ........................................................ 2
DISCUSSION ........................................................ 7
CONCLUSION ........................................................ 12
ORDER ........................................................ 13

## BACKGROUND

Plaintiff initiated this action *pro se* on December 17, 2021, alleging causes of action against Defendants arising from a dispute over insurance coverage for water damages occurring at Plaintiff's residence on May 5, 2020.[5] On April 3, 2022, with the assistance of court-appointed

---

[4] Docket no. 133, filed Oct. 17, 2023.

[5] Claim Requiring an Article 3 Court and Jury Trial ("Complaint"), docket no. 5, filed Jan. 25, 2022. Plaintiff's Complaint was originally received on December 16, 2021, along with an application for leave to proceed *in forma pauperis*. Application to Proceed in District Court Without Prepaying Fees or Costs, docket no. 1, filed under seal Dec. 16, 2021; Lodged Documents, docket no. 2, filed Dec. 16, 2021.

counsel to correct deficiencies in the original Complaint,[6] Plaintiff filed an Amended Complaint.[7]

Defendants subsequently served Plaintiff with discovery requests.[8] Plaintiff failed to adequately respond to the requests and refused to allow Defendants to inspect the alleged water damages at his property.[9] Plaintiff was then ordered to comply with the discovery requests and to cooperate with Defendants in scheduling an inspection of his property.[10]

The parties agreed to a November 28, 2022 inspection date.[11] However, just days before the scheduled inspection, Plaintiff cancelled the inspection asserting that someone had already come to inspect the home.[12] It was later determined that this individual was an independent adjuster who was inspecting an unrelated claim for fire damages at Plaintiff's property.[13] Plaintiff was again ordered to supplement his answers to Defendant's discovery requests and to cooperate with Defendants to schedule the property's inspection.[14] Defendants were awarded attorney's fees as a sanction against Plaintiff for his noncompliance with the discovery orders.[15]

[6] Memorandum Decision and Order (1) Denying Motion to Dismiss, (2) Granting Motion for More Definite Statement, (3) Granting Limited Appointment of Counsel for Plaintiff, and (4) Finding as Moot Plaintiff's Motions for Discovery and Extension of Time at 8-11, docket no. 14, filed Mar. 4, 2022.

[7] First Amended Complaint ("Amended Complaint"), docket no. 20, filed Apr. 13, 2022.

[8] Short Form Discovery Motion and Response to Request for Mediation, docket no. 35, filed Aug. 8, 2022; Memorandum Decision and Order and Report and Recommendation, docket no. 44, filed Sept. 26, 2022; Memorandum Decision and Order Adopting Report and Recommendation, docket no. 50, filed Oct. 27, 2022.

[9] Memorandum Decision and Order and Report and Recommendation 4-5; Memorandum Decision and Order Adopting Report and Recommendation.

[10] Memorandum Decision and Order and Report and Recommendation 4-5; Memorandum Decision and Order Adopting Report and Recommendation.

[11] Declaration of Ryan P. Atkinson ("Atkinson Declaration") ¶¶ 5-8 at 2, docket no. 57-1, filed Jan. 5, 2023.

[12] *Id*. ¶¶ 9-12 at 2-3; Documents Lodged, docket no. 55, filed Nov. 22, 2022.

[13] Atkinson Declaration ¶¶ 14-17 at 3.

[14] Memorandum Decision and Order at 3-6, docket no. 78, filed Apr. 11, 2023.

[15] *Id*. at 5-6

And Plaintiff was warned that further failure to comply with the discovery orders would result in additional sanctions.[16]

As discovery proceeded, Plaintiff made several filings and requests which were denied as improper, duplicative, and frivolous.[17] This led to Plaintiff being reminded of his duties and obligations to prosecute the case, and a warning that failure to prosecute or to comply with court Rules and discovery orders may result in sanctions, including the case's dismissal.[18]

The parties then agree to schedule the property's inspection for July 7, 2023.[19] However, approximately one week before the inspection, Plaintiff sent Defendants a list of demands he required to be met before he would permit the inspection.[20] Defendants attempted to resolve the issues, but Plaintiff refused to lift his demands and the inspection did not occur.[21] Plaintiff also persisted in making numerous duplicative and frivolous filings and requests, which were denied.[22]

On July 26, 2023, Defendants sought dismissal of the case for Plaintiff's failure to prosecute and his failure to comply with the discovery orders regarding the property's

---

[16] *Id*.

[17] Memorandum Decision and Order and Report and Recommendation at 2-3; Order Striking Motion to Compel, docket no. 46, filed Sept. 30, 2022; Memorandum Decision and Order, docket no. 54, filed Nov. 16, 2022; Memorandum Decision and Order, docket no. 77, filed Apr. 11, 2023; Memorandum Decision and Order, docket no. 81, filed Apr. 17, 2023, Memorandum Decision and Order, docket no. 82, filed Apr. 18, 2023; Memorandum Decision and Order Overruling Objection and Adopting Magistrate Judge's Memorandum Decisions and Orders, docket no. 88, filed May 8, 2023.

[18] Memorandum Decision and Order Regarding Attorney Fees, docket no. 94, filed June 6, 2023.

[19] Email Chain re: July 7, 2023 Inspection, docket no. 133-2, filed Oct. 17, 2023

[20] *Id*.; For the Record Requirement for In Home Inspection, docket no. 101, filed June 28, 2023.

[21] Email Chain re: July 7, 2023 Inspection.

[22] Memorandum Decision and Order, docket no. 110, filed July 25, 2023; Memorandum Decision and Order Concerning Subpoena, docket no. 111, filed July 25, 2023, Order and Ruling, docket no. 125, filed Sept. 5, 2023; Memorandum Decision and Order Overruling Objection and Adopting Magistrate Judge's Order and Ruling ("Order Overruling Objection"), docket no. 130, filed Oct. 5, 2023.

inspection.[23] At a hearing held on August 31, 2023, Judge Pead denied Defendants' motion to dismiss.[24] But Judge Pead orally ordered that the inspection of the property take place within 30 days, and that Plaintiff fully cooperate with Defendants' representatives so the inspection might occur in a reasonable and safe manner.[25] And as part of a lengthy discussion with Plaintiff regarding the issues and his prior and current orders,[26] Judge Pead warned Plaintiff three times that this was his last chance to fairly prosecute the case in a reasonable manner, complying with court Rules and orders.[27] Judge Pead also placed restrictions on Plaintiff's filing of future discovery motions as a sanction for his repeated filing of duplicative frivolous motions.[28] These orders were memorialized in a written order entered on September 5, 2023.[29]

Plaintiff did not seek further clarification of Judge Pead's orders at the August 31, 2023 hearing, or after entry of the written order. Nor did Plaintiff seek a stay of the orders pending review by the District Judge.

Following Judge Pead's August 31, 2023 orders, Defendants attempted to schedule the property's inspection with Plaintiff, but were again met with refusal and unilateral conditions set by Plaintiff.[30] Plaintiff also sent Defendants demands for $57,200,000 for an asserted default and

---

[23] Motion to Dismiss for Failure to Prosecute and Failure to Comply with the Court's Orders, docket no. 112, filed July 26, 2023.

[24] Hearing Minutes; Hearing Transcript at 52:17-22.

[25] Hearing Minutes; Hearing Transcript at 50:15-22, 52:17-22.

[26] Hearing Transcript at 16:13-21:13, 22:4-35:6, 41:7-57:2.

[27] Hearing Minutes; Hearing Transcript at 19:17-20:9, 50:15-17, 52:17-22.

[28] Hearing Minutes; Hearing Transcript at 44:1-11, 51:3-52-6.

[29] Order and Ruling.

[30] Email Chain, docket no. 133-3, filed Oct. 17, 2023.

damages relating to this case.[31] And Plaintiff objected to Judge Pead's written order.[32] But he did not move to stay the order.

The 30-day deadline for the property's inspection passed without the inspection being completed. Plaintiff's objection to Judge Pead's orders was overruled because it was based only Plaintiff's unsupported erroneous views of the law and his rights, many of which had been raised and rejected earlier in the litigation.[33]

Then, approximately two weeks after the inspection deadline passed and one week after his objection was overruled, Plaintiff sought to set aside Judge Pead's orders or to extend the inspection's deadline.[34] Plaintiff again offered only unsupported assertions and already rejected arguments driven by his fantastical views of the law, his rights, and the roles and authority of federal judges.[35] Plaintiff's motion was denied as untimely and wholly lacking merit.[36]

Defendants now seek dismissal of the case and an award of attorney's fees for Plaintiff's failure to comply with Judge Pead's August 31, 2023 orders regarding the property's inspection.[37] Plaintiff responds that he did not knowingly or intentionally violate the orders because he was unaware of their content and effect.[38]

---

[31] Notice of Fault in Dishonor Non-Response Acceptance, docket no. 133-1, filed Oct. 17, 2023

[32] Objection to Court Order ("Objection"), docket no. 128, filed Sept. 20, 2023.

[33] Order Overruling Objection.

[34] Direct Court to Set Aside/Extend In Home Inspection Date, docket no. 134, filed Oct. 16, 2023.

[35] *Id*. at 1-3; Direct Nuffer and Pead to Act in Best Interest of Kent the Beneficiary of the Trust at 1-5, docket no. 134-1, filed Oct. 16, 2023.

[36] Memorandum Decision and Order Denying Motion to Extend In-Home Inspection Deadline or to Set Aside Ordered Inspection, docket no. 137, filed Nov. 14, 2023.

[37] Motion.

[38] Response.

## DISCUSSION

FED. R. CIV. P. 37(b)(2)(A)(v) permits the dismissal of an action for a party's failure to obey an order to provide or permit discovery.[39] FED. R. CIV. P. 41(b) also permits the dismissal of an action for a party's failure to prosecute or to comply with court Rules and orders.[40] However, "dismissal represents an extreme sanction appropriate only in cases of willful misconduct."[41] Five factors are considered when determining whether dismissal is a just sanction:

(1)     the degree of actual prejudice to the defendant;

(2)     the amount of interference with the judicial process;

(3)     the culpability of the litigant;

(4)     whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

(5)     the efficacy of lesser sanctions.[42]

"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[43]

The record demonstrates that each of the five factors strongly support dismissal of this action for Plaintiff's failure to prosecute and his failure to comply with Judge Pead's August 31, 2023 orders regarding the inspection of his property.

**Degree of Actual Prejudice to Defendants.** The alleged water damages to Plaintiff's property occurred approximately three and half years ago, and Plaintiff initiated this case two

---

[39] FED. R. CIV. P. 37(b)(2)(A)(v).

[40] *Id*. at 41(b).

[41] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[42] *Id*. at 921.

[43] *Id*.; *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007).

years ago. Yet fact discovery is not complete. And Plaintiff has obstructed and continually refused to permit Defendants to perform an inspection of his property as part of the litigation. This is despite Defendants requesting an inspection in their first set of discovery requests and multiple discovery orders requiring the inspection to occur and Plaintiff's cooperation with Defendants.

The extent and cost of the alleged water damages to the property is central to Plaintiff's claims, and the property's inspection is necessary for Defendants' defenses. As more time passes without an inspection, the ability of Defendants to determine the extent and cost of the alleged water damages diminishes. Indeed, Plaintiff has admittedly mitigated and repaired some of the alleged water damages.[44] And it appears the home has suffered fire damage.[45] The loss of crucial evidence caused by Plaintiff's improper and unreasonable delays to the property's inspection is real and has severely prejudiced Defendants' ability to ascertain and prepare defenses. "In many cases, terminating sanctions have been imposed against a party because its actions made evidence unavailable."[46]

The delays caused by Plaintiff's refusal to comply with discovery orders regarding the property's inspection, as well as his continuous filing of duplicative, irrelevant, and frivolous discovery requests and other documents have also greatly and unreasonably increased Defendants' attorney's fees. Therefore, the degree of actual prejudice to Defendants strongly supports dismissal as a sanction.

---

[44] Amended Complaint ¶ 13 at 3; ¶ 21 at 4, ¶ 23-27 at 4-5; Hearing Transcript at 10:14-12:7.

[45] Atkinson Declaration ¶¶ 15-16 at 3.

[46] *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173, 1194-95 (D. Utah 2009); *Bear River Mut. Ins. Co. v. Ford Motor Co.,* No. 2:12-CV-731, 2017 WL 2241505, *3 (D. Utah May 22, 2017); *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc.,* No. 97-5089, 1998 WL 68879, *5 (10th Cir. Feb. 20, 1998).

**Amount of Interference with the Judicial Process.** Plaintiff is appearing pro se and is afforded some leniency with his filings.[47] But Plaintiff must still "follow the same rules of procedure that govern other litigants."[48] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[49]

Judge Pead informed Plaintiff of his duties and obligations numerous times throughout the litigation when ruling on improper and frivolous requests and motions filed by Plaintiff. Plaintiff's response has been only to flout his duties. When told his filings are procedurally improper or that his arguments are legally erroneous or irrelevant, Plaintiff has persisted in filing frivolous duplicative demands, discovery requests, and other documents. Plaintiff is insistent on disregarding court Rules and orders in favor of presenting his fantastical views of the law and his rights.

Plaintiff' conduct has disrupted the orderly process of discovery, caused numerous unnecessary hearings and rulings, and delayed presentment of the case. This is exemplified and culminates in Plaintiff's refusal to abide by Judge Pead's August 31, 2023 orders regarding the property's inspection. Plaintiff's response to the clear orders was a refusal to cooperate with Defendants; making unreasonable and unjustified demands; renewal of previously rejected frivolous arguments; and an untimely and nonmeritorious request for further delay. This conduct (as Plaintiff's conduct has throughout the litigation) violates FED. R. CIV. P. 1 by frustrating the

---

47 *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

48 *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

49 *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

just, speedy, and inexpensive administration of this case.[50] Therefore, Plaintiff's interference with the judicial process strongly favors dismissal as a sanction.

**Plaintiff's Culpability.** Plaintiff asserts ignorance as the reason he did not comply with Judge Pead's August 31, 2023 orders regarding the inspection of his property. But the record belies his assertion.

Judge Pead had a lengthy discussion with Plaintiff regarding the issues, prior orders regarding the inspection, and the orders made at the August 31, 2023 hearing. In no uncertain terms, Judge Pead ordered that the inspection of Plaintiff's property must occur within 30 days, and that Plaintiff must cooperate with Defendants to schedule the inspection. And Judge Pead expressly stated that this was Plaintiff's last chance to comply, or the case would be dismissed.

Plaintiff had the opportunity to, and did, seek clarification of various matters during the discussion with Judge Pead. But at the end of the hearing, Plaintiff did not seek further clarification of the orders that the inspection occur within 30 days and or that Plaintiff cooperate with Defendants. Nor did Plaintiff seek clarification of the orders after the hearing. No further clarification was necessary.

Plaintiff had full knowledge of what was required by Judge Pead's August 31, 2023 orders. But he failed to comply with the orders. Not because he was unable to comply. His communications with Defendants and filings after the August 31, 2023 hearing demonstrate that Plaintiff was unwilling to comply. Plaintiff continued his obstructive behavior spurred on by his already rejected incorrect views of the law and his rights. He unjustifiably disregarded the orders and refused to comply (just as he has done throughout the litigation).

---

[50] FED. R. CIV. P. 1.

The record demonstrates that despite being on clear notice of his duties and obligations under court Rules and orders, and the consequences of noncompliance, Plaintiff has chosen not to comply. Plaintiff's improper conduct throughout the litigation has been done knowingly and intentionally. And his failure to comply with Judge Pead's August 31, 2023 orders regarding the property's inspection was willful. Therefore, Plaintiff's culpability strongly supports dismissal as a sanction.

**Advance Warnings of Dismissal as a Sanction.** There is no question of Plaintiff's knowledge that dismissal would be the likely sanction for his failure to comply with Judge Pead's August 31, 2023 orders regarding the property's inspection. During his discussion with Plaintiff at the August 31, 2023 hearing, Judge Pead expressly warned Plaintiff three times that this was his last chance to comply with the ordered inspection of his property. Judge Pead also expressly warned Plaintiff that if he failed to comply with the orders, the case would be dismissed. And these were not the first warnings Plaintiff received that his failure to prosecute or to comply with court Rules and orders would result in sanctions, including dismissal.

Therefore, Plaintiff's receipt and knowledge of advance warnings that dismissal would result for his failure to prosecute and noncompliance with court Rules and orders strongly support dismissal as a sanction.

**Inefficacy of Lesser Sanctions.** Plaintiff has repeatedly frustrated the just, speedy, and inexpensive administration of this case.[51] He has been ordered multiple times to prosecute the case and to comply with court Rules and orders. He has been warned multiple times that his continued unjustified delays, repetitive filing of meritless motions, and noncompliance with court Rules and orders would result in sanctions, including dismissal. And Plaintiff has already

[51] FED. R. CIV. P. 1.

been sanctioned with attorney's fees and filing restrictions because of his failure to comply with court Rules and orders. Plaintiff has responded to these warnings and sanctions with further obstruction and willful noncompliance.

Prior warnings and lesser sanctions have not curbed Plaintiff's improper conduct and his noncompliance with court Rules and orders. Therefore, the inefficacy of lesser sanctions strongly supports dismissal as a sanction.

## CONCLUSION

In considering the record and the requisite factors, dismissal of this action is a just sanction. Plaintiff has failed to prosecute this case. And he has willfully refused to comply with court Rules and orders, including Judge Pead's August 31, 2023 orders regarding the property's inspection. His conduct has prejudiced the judicial process and Defendants. This action will be dismissed with prejudice, and Defendants are awarded the attorney's fees they incurred because of Plaintiff's failure to comply with Judge Pead's August 31, 2023 orders.

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion[52] is GRANTED. Judgment shall enter DISMISSING this action with prejudice. And Defendants are awarded the attorney's fees they incurred because of Defendant's failure to comply with Judge Pead's August 31, 2023 orders regarding the property's inspection. The amount of such award shall be established by subsequent motion.

The Clerk is directed to close the case.

Signed November 27, 2023.

BY THE COURT

David Nuffer
United States District Judge

[52] Docket no. 133, filed Oct. 17, 2023.