THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES<br><br>Case No. 4:21-cv-00124-DN<br><br>District Judge David Nuffer |

Defendants are entitled to an award of their reasonable attorney's fees incurred because of Plaintiff's failure to comply with Magistrate Judge Dustin B. Pead's August 31, 2023, orders regarding the inspection of Plaintiff's property.[1] Defendants seek an award of $7,676.00 in attorney's fees ("Motion"),[2] and supported the requested fees through the affidavit of counsel, Ryan P. Atkinson ("Counsel's Affidavit").[3] Plaintiff responded, objecting to the sufficiency of Counsel's Affidavit and Supplemental Affidavit; the reasonableness of counsels' hourly rates; and the legitimacy of an attorney's fees award to Defendants.[4]

---

[1] Memorandum Decision and Order Granting Motion to Dismiss ("Dismissal Order") at 13, docket no. 139, filed Nov. 27, 2023.

[2] Motion for Attorney's Fees ("Motion") at 1, docket no. 141, filed Dec. 11, 2023.

[3] Affidavit of Attorney's Fees and Costs, ("Counsel's Affidavit") docket no. 141-1, filed Dec. 11, 2023. Defendants also filed a supplement to their Motion and Counsel's Affidavit, which attached a spreadsheet identifying the work counsel performed for the hours billed in the requested award. Supplement to Defendant's Motion for Attorney Fees at 10-14, docket no. 154, filed Jan. 16, 2024; Affidavit of Attorney's Fees and Costs ("Supplemental Affidavit") at 6-10, docket no. 160-1, filed Jan. 30, 2024.

[4] Objection to Defendants' Supplement to Defendants' Motion for Attorney Fees ("Response"), docket no. 158, filed Jan. 29, 2024.

Because the work performed by Defendants' counsel was reasonable and necessarily incurred as a result of Plaintiff's failure to comply with Judge Pead's August 31, 2023, orders and because the amount of award requested is sufficiently supported and reasonable, Defendants' Motion[5] is GRANTED.

## DISCUSSION

Plaintiff's claims against Defendants were dismissed with prejudice due to Plaintiff's failure to prosecute and his repeated intentional failure to comply with court orders.[6] The Dismissal Order determined that Defendants are entitled to an award of the attorneys' fees they incurred because of Plaintiff's failure to comply with Judge Pead's August 31, 2023, orders regarding the inspection of Plaintiff's property.[7]

To determine a reasonable attorney's fee, a "lodestar" figure is arrived at "by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate."[8] Factors for determining the reasonableness of the hours billed for a given task or in defense of the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.[9]

Defendants request an award of $7,676.00 in attorneys' fees incurred because of Plaintiff's failure to comply with Judge Pead's August 31, 2023, orders regarding the inspection

---

[5] Docket no. 141, filed Dec. 11, 2023.

[6] Dismissal Order at 7-12.

[7] *Id*. at 13.

[8] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted).

[9] *Id*. at 1250.

of Plaintiff's property.[10] Defendants support their request with an Counsel's Affidavit and Supplemental Affidavit, which identify counsels' hourly billing rates and include an itemization of the work performed and the time spent in performing the work.[11] In reaching their requested amount of attorney's fees, Defendants included billings only for work performed after Judge Pead's August 31, 2023, orders.[12] This work included review of the orders; strategy for settlement; multiple attempts to communicate with Plaintiff to schedule an inspection of the property; review of Plaintiff's court filings and other mailings; communication with Defendants; and research for and preparation of a motion to dismiss.[13] Defendants also excluded from their requested award counsels' work in preparing their Motion and counsels' review of Plaintiff's multiple court filings objecting to and seeking reconsideration of the Dismissal Order.[14] In total, Defendant's requested award of $7,676.00 accounts for 43.20 billable hours of work performed at billing rates of $185.00 and $165.00 per hour.[15]

After careful review of Defendant's Motion and Counsel's Affidavit and Supplemental Affidavit, and consideration of the complexity of the case, the work performed and the record, under the appropriate legal standards, Defendant's requested attorney's fees award in the amount of $7,676.00 is reasonable. All of counsels' work included in the requested attorney's fees award is reasonably related to and necessarily incurred because of Plaintiff's failure to comply with Judge Pead's August 31, 2023, orders regarding the inspection of Plaintiff's property. And

---

[10] Motion at 1.

[11] Counsel's Affidavit ¶¶ 5-6 at 2; Supplemental Affidavit at 6-10.

[12] Supplemental Affidavit at 6-10.

[13] *Id*.

[14] *Id*. at 10.

[15] Counsel's Affidavit ¶ 5 at 2; Supplemental Affidavit at 6-10.

counsels' billing rates are reasonable considering counsels' experience and the rates and experience of attorneys in the community.

Plaintiff's arguments regarding the sufficiency of Counsel's Affidavit and Supplemental Affidavit, the reasonableness of counsels' hourly rates, and the legitimacy of an attorney's fees award lack merit. These arguments are not supported by the record or legal authority. And many of these arguments are a continuation of previously rejected frivolous arguments regarding Defendant's counsel, conflicts of interest, and the authority of the court.

Therefore, Defendant's Motion[16] is GRANTED. Defendants are entitled to an award of $7,676.00 in attorneys' fees against Plaintiff.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion[17] is GRANTED. Defendants are awarded $7,676.00 in attorneys' fees against Plaintiff.

Signed February 7, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[16] Docket no. 141, filed Dec. 11, 2023.
[17] Docket no. 141, filed Dec. 11, 2023.