Kent Terry Prisbrey© 
Box 461381 non- domestic
Leeds Utah 84746
435-279-4707
Terrysautooutlet@msn.com

16 February 2024

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

FEB 21 2024

GARY P. SERDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

United States District court district of Utah

| | | |
|---|---|---|
| Kent Terry Prisbrey© | ] | Claimant moves court to stay of execution of order And objection to order rule |
| Claimant | ] | |
| Vs | ] | Case # 4:21-cv-00124-HCN-DBP |
| State Auto Insurance companies, Milbank insurance company et al. | | Howard C. Nielson Jr. United States District Court Judge |
| Defendants | ] | |

Kent moves this court for a stay of the order and the starting of the time to objection to the courts order until defendants time to respond to the objection and conditional objection is completed approximately the 28th day of February 2024

I believe the courts memorandum and order will change once court reviews Kents objection and based on defendants' response if any on the objection. And until the Court answers the jurisdiction challenge as set forth herein. And until court clarity's the confusion due to the ongoing pleadings and what appears to be a premature order on motion for attorney fees. For lack of jurisdiction due to pleadings still in process time frames to respond.

Defendants filed on 01/30/24 "supplement to defendants' motion for attorney fees" document 160 page 1900, claimant mailed an objection and conditional acceptance on 9 February 2024 Defendants took service of this objection on 14 February 2024. See exhibit USPS tracking. Court entered memorandum order 02/07/24 document # 162.

It appears that the court did not have jurisdiction to enter the order according to my understanding of the FRCP it is my understanding that it must be 14 days of service from last pleading. And by my calculations the defendants have until 28 February 2024 to respond before the court can have jurisdiction to enter an order on said motion for attorney fees. As defendants filed the supplement thus Kent should have time to respond and defendants to answer starting with the 30 January 2024 as I understand the procedures. when defendants filed the supplemental pleading this should have started the clock to run from said date of said pleading and as the court issued the memorandum order only 8 days after defendant filed the supplement.

Court offices have continually said that Kents misinterprets the FRCP and case law. So one needs to have clarification before one can proceed.

Kent Seeks clarification on the maters as set forth in this pleading.

And just on chance that I am incorrect I am filing this objection to ensure I don't violate a dead line to file the opposition, but reserving my right to amend it after court clears up the confusion and so a proper objection can be filed once the courts enter clarifications and or error.

Kent objects to the court's memorandum order on the following grounds including all of the items in this pleading;

1. Kent objects to each and every item in the memorandum and order at this time to preserve his rights until this court issues clarification and proves jurisdiction that the order was not issued prematurely.

2. Kent does not understand the courts order and is struggling especially since his October 6th car accident brain injury. So could you please make your answers short concise and easy to read as it is already hard to understand you due to your sophisticated ability to write and use large words.

3. lack of subject matter jurisdiction, et al Jurisdiction.

4. Court/ Justin entered an order rather than allowing the appropriate time for the defendants to object to the claimant's objection and conditional acceptance and affidavit in truth. Thus, court to my understanding of the FRCP and conditional acceptance issued the order prematurely before the court / Justin had jurisdiction. As the court did not allow the 14 or 21 days from service.

*[signature]*
Kent Terry Prisbrey©
Without prejudice

### Certificate of service

I certify that on the 16th day of February 2024 a true and correct copy of the forgoing;
Claimant moves court to stay of execution of order And objection to order rule

to ; **Defendants** by certified mail # 9589 0710 5270 0595 5432 48
Defendants et al c/o Ryan P. Atkinson / Strong & Hanni P.C. 102 south 200 East, suite 800
Salt lake City Utah 84111

**United states district court district of Utah intake clerk,**
Certified mail # 9589 0710 5270 0595 5432 31

351 South West Temple room 1.100  Salt Lake City Utah 84101

_____
Kent Terry Prisbrey©