THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY**<br>**AND**<br>**DENYING MOTION FOR CLARIFICATION**<br><br>Case No. 4:21-cv-00124-DN<br><br>District Judge David Nuffer |

Plaintiff seeks to stay enforcement ("Motion to Stay")[1] of the Memorandum Decision and Order Granting Defendants' Motion for Attorney's Fees ("Order Awarding Attorney's Fees").[2] Plaintiff also objects to and seeks clarification ("Motion for Clarification")[3] of the Order Awarding Attorney's Fees. The Motion to Stay and Motion for Clarification are both premised on Plaintiff's erroneous assertions and arguments that the Order Awarding Attorney's Fees was entered prematurely, and that jurisdiction was lacking for the Order Awarding Attorney's Fees.[4]

Defendants filed a supplement to their motion for attorney's fees on January 16, 2024.[5] Plaintiff filed his response to Defendants' supplement on January 29, 2024.[6] After the filing of

---

[1] Claimant Moves to Stay of Execution of Order and Objection to Order Rule ("Motion to Stay"), docket no. 165, filed Feb. 21, 2024.

[2] Docket no. 162, filed Feb. 7, 2024.

[3] Kent's Objection to the Court's Order Dated 02/07/24 Document 162 Titled Memorandum Order Granting Motion for Attorney Fees and Moves Court for Clarification ("Motion for Clarification"), docket no. 166, filed Feb. 21, 2024.

[4] Motion to Stay at 1-3; Motion for Clarification at 1-2.

[5] Supplement to Defendants' Motion for Attorney's Fees, docket no. 154, filed Jan. 16, 2024.

[6] Objection to Defendants' Supplement to Defendants' Motion for Attorney's Fees, docket no. 158, filed Jan. 29, 2024.

Plaintiff's response, the Clerk observed that Defendants' supplement was improperly filed as a separate motion, which required the Clerk to correct the docket to properly show the supplement as an addendum.[7] Defendants then unnecessarily refiled the supplement as an addendum on January 30, 2024.[8] The Order Awarding Attorney's Fees entered on February 7, 2024, and addressed both Defendants' supplement and Plaintiff's response.[9]

Without legal basis, Plaintiff believes that Defendants' refiling of the supplement on January 30, 2024, gave Plaintiff the ability to file a second response to the supplement. Plaintiff filed a second response to Defendants' supplement on February 13, 2024.[10] And Plaintiff now argues the Order Awarding Attorney's Fees was improperly entered before his second response.[11] Plaintiff is incorrect.

Plaintiff's second response was unnecessary and was filed without justification or leave. The Order Awarding Attorney's Fees was properly entered after Plaintiff had responded to Defendants' supplement and, indeed, addressed the contents of Plaintiff's response. And regardless, the substance of Plaintiff's second response is materially the same as Plaintiff's initial response and does not provide any basis for altering the Order Awarding Attorney's Fees.

Defendants are entitled to an award of $7,676.00 against Plaintiff for their reasonable attorney's fees incurred because of Plaintiff's failure to comply with Magistrate Judge Dustin B. Pead's August 31, 2023, orders regarding the inspection of Plaintiff's property.[12] Plaintiff fails to

---

[7] Notice of Deficiency, docket no. 157, filed Jan. 30, 2024.

[8] Supplement to Defendants' Motion for Attorney's Fees, docket no. 160, filed Jan. 30, 2024.

[9] Order Awarding Attorney's Fees at 1-4.

[10] Objection/Conditional Acceptance to Defendants' Supplement to Defendants' Motion for Attorney Fees Dated 1/30,24, docket no. 163, filed Feb. 13, 2024.

[11] Motion to Stay at 1-3; Motion for Clarification at 1-2.

[12] Order Awarding Attorney's Fees at 1-4.

to present any sufficient legal basis to stay enforcement of the Order Awarding Attorney's Fees, and clarification of the clear Order Awarding Attorney's Fees is unnecessary.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay[13] is DENIED, and Plaintiff's Motion for Clarification[14] is DENIED.

There are no remaining issues in this case. Future filings that are not properly founded in the Court Rules will not be considered.

Signed February 27, 2024.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[13] Docket no. 165, filed Feb. 21, 2024.
[14] Docket no. 166, filed Feb. 21, 2024.