THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KENT TERRY PRISBREY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANIES, MILBANK INSURANCE COMPANY, and DOES A-Z,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 4:21-cv-00124-DN<br><br>District Judge David Nuffer |

Plaintiff seeks appointment of counsel to represent him on appeal ("Motion").[1] He argues that he is entitled to counsel because he meets each of the Tenth Circuit Court of Appeals' criteria for appointment of counsel in special civil appeals.[2] Plaintiff is not correct, and is not entitled to the appointment of counsel for his appeal.

"[T]here [generally] is no constitutional right to appointment of counsel in a civil case."[3] But 28 U.S.C. § 1915(e)(1) gives the district court discretion to appoint counsel for a plaintiff that is "unable to afford counsel."[4] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the

---

[1] Motion for Court to Appoint Council *[sic]* in Appeal ("Motion"), docket no. 172, filed Apr. 16, 2024.

[2] *Id*. at 1-2.

[3] *Simon v. Grafton, Inc.*, No. CIV.A. 12-2796-JAR, 2013 WL 3580953, *1 (D. Kan. July 12, 2013); *see also Sandle v. Principi*, 201 Fed. App'x 579, 582 (10th Cir. 2006); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[4] 28 U.S.C. § 1915(e)(1).

factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[5]

Addendum II to the Tenth Circuit Court of Appeals' Rules also sets forth criteria "[t]o provide representation in special cases for persons who are financially unable to obtain the services of counsel."[6] These criteria include:

1. the person is financially unable to obtain the services of counsel;

2. the person is not entitled to appointed counsel under the provisions of the Criminal Justice Act or other source of legal assistance;

3. the litigation presents complex and significant legal issues, the outcome of which may have wide impact;

4. it is manifestly clear that the services of counsel are necessary for the effective presentation of the issues to the court; and

5. the interests of justice require that counsel be assigned to assist the litigant who would otherwise be compelled to proceed *pro se*.[7]

Neither the factors for appointment of counsel under § 1915(e)(1) nor the criteria of Addendum II support the appointment of counsel to represent Plaintiff in his appeal. First, Plaintiff has not established that he is unable to afford counsel. Plaintiff asserts that he receives social security disability benefits,[8] and he was granted leave to proceed in this case *in forma pauperis* on January 25, 2022.[9] However, Plaintiff did not seek to proceed *in forma pauperis* on his appeal, and the docket reflects that he paid the filing fee associated with the appeal on March

---

[5] *Quick v. Mann*, 170 Fed. App'x 588, 590 (10th Cir. 2006) (internal citations omitted).

[6] U.S. Ct. of App. 10th Cir. Add. II.

[7] *Id*.

[8] Motion at 2.

[9] Order on Application to Proceed Without Prepayment of Fees, docket no. 4, filed Jan. 25, 2022.

28, 2024.[10] On this record, it is not clear whether Plaintiff is financially unable to obtain counsel to represent him on his appeal.

Regardless, however, Plaintiff's appeal does not present complex and significant legal issues, or issues that will have a wide impact to warrant the appointment of counsel. Plaintiff's appeal challenges an order that denied his motions for clarification and to stay execution of an order awarding attorneys' fees to Defendants.[11] Plaintiff's complaint was dismissed, and attorneys' fees were awarded to Defendants because of Plaintiff's repeated willful failure to comply with court orders and his failure to prosecute.[12] And Plaintiff's motions regarding the order awarding attorneys' fees lacked any legal basis for the relief Plaintiff sought.[13] Plaintiff's Notice of Appeal similarly raises arguments that have no basis in law or fact,[14] and which are nothing more than a continuation of previously rejected frivolous arguments regarding Defendants' counsel, conflicts of interest, and the authority of the court. The record reveals that Plaintiff's appeal is not taken in good faith.

Finally, while the dismissal of Plaintiff's complaint was, in part, based on his failure to prosecute.[15] This failing was not based on Plaintiff's inability to present issues to the court. To the contrary, the record demonstrates that Plaintiff can present, and has presented, issues and arguments without the assistance of counsel. It was Plaintiff's insistence in relying on faulty legal premises and his repeated refusal to comply with court orders that lead to the dismissal of

---

[10] Notice of Appeal to a Court of Appeals from a Judgment of a District Court ("Notice of Appeal"), docket no. 168, filed Mar. 28, 2024.

[11] *Id*. at 2.

[12] Memorandum Decision and Order Granting Motion to Dismiss, docket no. 139, filed Nov. 27, 2023.

[13] Memorandum Decision and Order Denying Motion to Stay and Denying Motion for Clarification at 1-3, docket no. 167, filed Feb. 27, 2024.

[14] Notice of Appeal at 2-10.

[15] Memorandum Decision and Order Granting Motion to Dismiss.

his complaint and the award of attorneys' fees to Defendants.[16] Thus, Plaintiff fails to demonstrate that counsel is necessary for effective presentation of the issues he raises on appeal. And on this record, the interest of justice does not require or support that counsel be appointed to represent Plaintiff on his appeal.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion[17] is DENIED.

Signed April 30, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[16] *Id*.

[17] Docket no. 172, filed Apr. 16, 2024.